JOSEPHINE PALMIGIANI *vs.* MARIA D'ARGENIO & another.

Suffolk.    November 10, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Landlord and Tenant,* Landlord's liability in tort to tenant and members of his family. *Evidence,* Violation of statute as evidence of negligence.

St. 1907, c. 550, § 127, which provides that owners of buildings in Boston shall maintain their premises in such repair as not to be dangerous, does not repeal nor modify the rule of the common law relating to tenancies at will, and in case of such a tenancy no liability on the landlord for obvious defects or want of repair of the premises arises unless he contracts to keep the premises in a safe condition and to make suitable repairs during the tenancy.

St. 1907, c. 550, § 127, should not be so broadened by construction as materially to limit the rights of landlords and tenants to enter into such lawful contracts as they please.

In an action by the wife of a tenant at will for personal injuries, sustained in falling down stairs on the premises let, it appeared by an answer of the jury to a special question submitted to them, that there was no agreement by the defendant to maintain the stairs in a safe condition. The plaintiff requested the judge to rule in substance that, if the jury believed that the defendant violated the provisions of St. 1907, c. 550, § 127, in failing to maintain the stairs in such repair as not to be dangerous, such failure was negligence on the part of the defendant, and that, if they believed the injury to the plaintiff was caused by such failure, their verdict should be for the plaintiff. The requests were refused. *Held,* that the requests were refused rightly.

In view of the negative answer of the jury to the special question in the action described above, it was *said* to be unnecessary to decide as to the correctness of certain instructions asked for by the plaintiff, which were based upon the hypothesis that the agreement, referred to in the question submitted to the jury, had been made.

TORT, against the owners of a building numbered 16½ Bremen Street in that part of Boston called East Boston, for personal injuries sustained by the plaintiff on January 23, 1917, in falling down a stairway in that portion of the building let to her husband for a tenement under a tenancy at will. Writ dated March 9, 1917.

In the Superior Court the action was tried before *Hitchcock,* J. Material facts are described in the opinion. The plaintiff asked for the following rulings:

"If you believe that the defendants violated the provisions of

St. 1907, c. 550, § 127, in failing to maintain these steps in such repair as not to be dangerous, that is evidence of negligence on the part of the defendants."

"St. 1907, c. 550, § 127, provides that owners of structures shall maintain their premises in such repair as not to be dangerous. If you believe that the owners of this building failed to maintain these steps in such repair, that they were dangerous, and the injury to the plaintiff was caused by such failure, your verdict should be for the plaintiff."

The judge refused to make the rulings requested but, on the question raised by these requests, gave supplemental instructions to the jury in substance that St. 1907, c. 550, § 127, would not apply to this action, if they should find that there was no duty devolving on the defendants to keep the premises safe, because, if there was no duty, there was no negligence. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*E. H. Savary*, for the plaintiff.

*H. E. Perkins*, for the defendants.

BRALEY, J.  It having been settled by numerous decisions that because the stairs on which the plaintiff fell were let as part of the tenement to her husband and over which no control was exercised or retained by the defendants, there can be no recovery for personal injuries suffered by the tenant or members of his family unless at the time of the letting the landlord by special agreement undertakes to make repairs either with or without notice, the plaintiff introduced evidence from which the jury could find that the defendants did agree to repair "an alleged existing defective condition on the stairway, and thereafter keep the premises safe during the tenancy." *Fiorntino* v. *Mason*, 233 Mass. 451. *Baum* v. *Ahlborn*, 210 Mass. 336, 338. But, the jury having answered in the negative the following question, "Did the defendants agree with the plaintiff's husband, as a part of the renting of the premises by him, to keep the cellar stairway therein safe at all times during the tenancy, for the use of the tenant and those claiming under him?" the plaintiff's exceptions are limited to the refusal of the presiding judge to instruct the jury that, "If you believe that the defendants violated the provisions of St. 1907, c. 550, § 127, in failing to maintain these steps in such repair as not to be dangerous,

that is evidence of negligence on the part of the defendants. . . .
Section 127 . . . provides that owners of structures shall maintain
their premises in such repair as not to be dangerous. If you
believe that the owners of this building failed to maintain these
steps in such repair, that they were dangerous, and the injury to
the plaintiff was caused by such failure, your verdict should be
for the plaintiff," and to the instructions which were given on
the questions raised by the requests.

The statute which consists of one hundred and thirty-four
sections is entitled an act relative to the construction and main-
tenance of buildings in the city of Boston, after creating a de-
partment to be called the building department to be under the
charge of the street commissioner, prescribes certain requirements
for the construction and maintenance, and proper lighting, plumb-
ing and ventilation of all kinds of buildings, both public and
private, whether constructed after, or existing at the time of enact-
ment, and imposes a fine "not exceeding five hundred dollars"
for any violation of the act.

The section in question reads as follows: "Every structure and
part thereof and appurtenant thereto shall be maintained in such
repair as not to be dangerous. The owner shall be responsible for
the maintenance of all buildings and structures. The lessee under
a recorded lease shall be deemed the owner under the provisions
of this act." It is plain that there is no express repeal of the rule
at common law relating to contracts creating a tenancy at will,
under which no liability is imposed on the landowner for obvious
defects, or for want of repair, unless he contracts to keep the prem-
ises in a safe condition, and to make suitable repairs during the
tenancy. *Fiorntino* v. *Mason,* 233 Mass. 451.

The statute not having attempted to regulate or modify the
contractual relations of the parties it should not be broadened,
or a construction adopted by implication which would materially
limit the rights of parties to enter into such lawful contracts as
they please. It would be going far to say that the Legislature in-
tended to do away with fundamental law. *Ryalls* v. *Mechanics'*
*Mills,* 150 Mass. 190. *Barriere* v. *Depatie,* 219 Mass. 33, 35, 36.
The requests were denied rightly.

It is unnecessary to decide whether under *Finnegan* v. *Winslow*
*Skate Manuf. Co.* 189 Mass. 580, *Berdos* v. *Tremont & Suffolk Mills,*

209 Mass. 489, *Draper* v. *Cotting*, 231 Mass. 51, 61, 62, and *Cussen* v. *Weeks*, 232 Mass. 563, the instructions, that if the jury found that a special agreement had been established, then "the fact (if it be a fact) that he was violating this statute, that would be evidence as bearing upon the question of negligence and might be considered . . . as such evidence" were correct. The question in view of the answer of the jury has ceased to be material.

*Exceptions overruled.*