CATHERINE VALLEN *vs.* ADDIE A. CULLEN, administratrix.

Suffolk.   January 20, 26, 1921. — March 7, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Landlord and Tenant. Negligence,* Of one owning or controlling real estate. *Practice, Civil,* Conduct of trial: order of evidence. *Evidence,* In rebuttal.

A trial judge in his discretion may exclude evidence, offered in rebuttal, which should have been offered or introduced in chief.

St. 1907, c. 550, § 127, does not in express terms attempt to modify or to affect in any way the relations between landlord and tenant as they exist at common law.

Spec. St. 1915, c. 352, § 4, does not apply to a tenement house containing ten apartments and a store, with three floors and a roof which tenants use for the drying of clothes.

TORT for personal injuries received when the plaintiff fell down a flight of stairs leading from the roof to the third floor of a tenement house in that part of Boston known as East Boston, which was owned by the defendant's intestate and in which the plaintiff was an occupant. Writ dated December 5, 1917.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence is described in the opinion. At the close of the evidence, the plaintiff asked that the following instructions be given to the jury:

"1. The landlord must maintain the doors, door ways, entry ways and stairways used in common by the tenants and their families in proper condition and if through failure to do this in respect to any or all of these things the plaintiff, in the exercise of due care, fell and was injured, your verdict should be for her.

"2. If you believe the defendant allowed any door, door way, entry way or stairway used in common by the tenants and their families to be in a dangerous condition, any or all, that is in violaation of St. 1907, c. 550, § 127, and evidence of negligence.

"3. If you believe the defendant allowed the door, door way, entry way or stairway used in common by the tenants or their families to be in a dangerous condition, any or all, and in consequence thereof the plaintiff, in the exercise of due care, was injured, your verdict should be for the plaintiff.

"4. If you believe the tenement house where the plaintiff lived consisted of more than eight tenements in a building more than three stories high, the failure to light an entry way and stairway used in common by the tenants and their families is in violation of the Spec. St. 1915, c. 352, § 4, and evidence of negligence."

The first and third instructions were given substantially as asked. The second and fourth were refused, and the judge ruled and instructed the jury "that in order to come within the provisions of the Spec. St. 1915, c. 352, § 4, a tenement house must be more than three stories occupied as tenements."

The jury found for the defendant; and the plaintiff alleged exceptions.

*E. H. Savary,* for the plaintiff.

*W. J. Patron,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff in falling down a flight of stairs which led from the roof to the third floor of a tenement house where she lived with her husband and family. The building was owned by the defendant and consisted of ten apartments and a store. The tenants had a right to use the roof for the purpose of drying clothes. It was reached from inside the building by means of a stairway to a pent house from which a door led directly to the closed area of the roof. Upon the elevated threshold of the doorway, there was a piece of zinc, and there was evidence that it projected above the threshold. Upon this zinc, the plaintiff testified, she tripped and fell down the stairs. The pent house, stairway and hallway were dark at the time of the accident, and there was no means of lighting them. This condition had existed from the beginning of the tenancy of the plaintiff's husband to the time of the accident. The jury returned a verdict for the defendant. The case is before us on exceptions to the exclusion of evidence, to the refusal of the presiding judge to give certain requests for rulings, and to his interpretation of certain statutes hereafter referred to.

The defendant offered evidence to show that at the time of the accident the zinc on the threshold was not raised up, as witnesses for the plaintiff had testified. In order to meet this defence the plaintiff offered "to show by more witnesses in rebuttal that a piece of tin or zinc . . . [had stuck] up from this threshold for at least three months next prior to the injury." This testimony was a part of the plaintiff's case in chief and should then have been introduced; the judge in his discretion rightfully could exclude it. *Burnside* v. *Everett,* 186 Mass. 4. *Carroll* v. *Boston Coal Co.* 195 Mass. 399. *Briggs* v. *Adams,* 220 Mass. 262, 265.

The plaintiff's requests 1 and 3 were substantially covered by the instructions. The second request could not properly have been given. St. 1907, c. 550, is an act relative to the construction, alteration and maintenance of buildings in the city of Boston. Section 127 is as follows: "Every structure and part thereof and appurtenant thereto shall be maintained in such repair as not to be dangerous. The owner shall be responsible for the maintenance of all buildings and structures . . . ." This statute

does not in express terms attempt to modify or affect in any way the relations between landlord and tenant as they exist at common law, *Fiorntino* v. *Mason*, 233 Mass. 451, *Crowe* v. *Bixby*, 237 Mass. 249; and such relations are not to be affected by implication in construing the statute, which is wholly inapplicable to the case at bar. *Palmigiani* v. *D'Argenio*, 234 Mass. 434, 436. The fourth request was rightly refused. The judge instructed the jury that to come within Spec. St. 1915, c. 352, § 4 (which statute amends St. 1907, c. 550), a tenement house must consist of more than three stories occupied as tenements. This was correct, and was in accordance with the language of the statute, which provides in part that "Public halls and stairs in all tenement houses now existing or hereafter erected more than three stories in height, and having more than eight suites, shall be provided with proper and sufficient lights to be kept lighted during the night." The judge rightly instructed the jury that the statute did not apply to the building in question. Manifestly a story in a building comprehends the space between floors. This building consisted of but three floors and therefore was not a building to which the statute applied. The definition of the story of a building in St. 1907, c. 550, § 11, as "That part of a building between the top of any floor beams and the top of the floor or roof beams next above" is not at variance with the conclusion reached,—the top of the third story was the roof of the building. No error of law appears in the conduct of the trial.

*Exceptions overruled.*