ISABEL JOHNSON, Appellant, v. W. B. CARTER, Appellee.

No. 42471.

JUNE 23, 1934.

Forsling & Cover and C. M. Gasser, for appellant.

Edwin J. Stason, for appellee.

DONEGAN, J.—The pertinent parts of the petition filed by the plaintiff in this case alleged in substance that she and her husband orally rented from defendant, W. B. Carter, a certain dwelling house in the city of Sioux City, Iowa; that the side walls of the basement in said house had been for several years cemented with a coat of cement or concrete about an inch thick behind which was a dirt bench or bank; that defendant had spread a coating of cement in and over cracks, crevices, and broken places in said side walls prior to the occupancy of said dwelling by plaintiff; that such repairs had been made so as to leave an inward slope at the bottom of the side walls rendering the upper part of said side walls unstable, unsafe, and liable to fall; that water seeped or ran through or under the foundation of said house behind said cemented side walls at the places of said attempted repairs, causing the same to be weakened, which condition had continued for several months prior to the happening of the injuries complained of; that the defendant as owner of said premises failed to keep said dwelling in good repair, as required by chapter 323 of the 1931 Code of Iowa, and in those respects was negligent; that defendant knew, or should have known, in the exercise of ordinary care, of such defective condition of the dwelling as above related; that on June 18, 1932, when plaintiff was in the basement of said house near the south side wall thereof, where repairs had been made or attempted by the defendant, a part of said side wall fell therefrom upon the toes and foot of plaintiff, injuring same; that by reason of the foregoing plaintiff was damaged in the sum of $2,900, for which she asked judgment.

To this petition the defendant filed a demurrer which, among others, contained the following ground:

"Chapter 323 of the Code of 1931 relied upon by the plaintiff does not change the common law rule of tort liability of the lessor to the lessee or the contractual obligation of the lessor to the lessee, neither does it afford to the lessee a right of action not existing before that chapter became the law of the state and it was not enacted for that purpose; that if it created any duty at all on the part of a lessor, it was a duty he owed to the public only and not to the lessee as an individual."

Upon hearing the demurrer was sustained on the above ground, and the plaintiff having elected to stand upon her petition, judgment was entered dismissing the petition and assessing costs to plaintiff. From this judgment the plaintiff appeals.

The only errors assigned by appellant have reference to the court's ruling upon the ground of the demurrer above set out, and to the correctness of this ruling we will confine our consideration. There can be no question that under the common law there would be no liability of the landlord for damages under the facts of this case. The question to be determined is: Does the statute change the common-law rule and impose a liability on the landlord?

Section 6392 of chapter 323, 1931 Code of Iowa, is as follows:.

"6392. * * * Every dwelling and all the parts thereof shall be kept in good repair by the owner, and the roof shall be kept so as not to leak, and all rain water shall be so drained and conveyed therefrom as not to cause dampness in the walls or ceilings."

Appellant alleges that, under the provisions of said section, the duty was imposed upon the appellee to keep all parts of the said dwelling in good repair; that his failure to comply with this positive requirement of the law constituted negligence per se; and that the appellant, having alleged her tenancy, the ownership of the appellee, and want of good repair, as the cause of the injury, and the injury, her petition stated a good cause of action and the demurrer should not have been sustained.

Appellee, on the other hand, contends that the provision of the statute relied upon by the appellant has no application to the relation of landlord and tenant as shown by the allegations of the petition; that the statute in no way changed the rule of the common law, and imposed no new liability upon the appellee as landlord; that, under the law in effect prior to the enactment of the statute, and which was not changed by the statute, there is no liability upon the landlord for the injuries sustained by the appellant; and that the demurrer was properly sustained.

Both parties admit that the only case in which the provision of the statute in question has been presented to this court is Schmidt v. Hayden, 205 Iowa 1369, 219 N. W. 399. The opinion in that case states:

"Plaintiff alleges two grounds of negligence in separate counts of her petition: (1) A failure of the defendant, as the owner of

a dwelling house, to keep the premises in repair as required by the Iowa Housing Law. (2) Negligence in making dangerous, defective, and insufficient repairs to a dwelling house and thereafter renting it for residence purposes, without giving the tenant warning of the insufficiency and unsafe condition thereof,

"The answer admits the ownership of the premises and renting to Mrs. Carel under verbal lease, but alleges that by the terms of such lease the tenant agreed to make all necessary repairs, and also includes a general denial."

The opinion does not contain any discussion whatever as to whether or not the failure to keep the premises in repair, as required by the Iowa Housing Law, would constitute negligence, and the decision turns wholly on the finding that the plaintiff had not sustained the burden of showing that the negligence alleged was the proximate cause of plaintiff's injury. The Schmidt case cannot, therefore, be considered as an authority for either side in the case now before us.

Appellant cites Veal v. Hanlon, 123 Ga. 642, 51 S. E. 579, to the effect that under a Georgia statute a lessor was liable for injury to the wife of the tenant caused by defective steps. A reading of this case, however, fails to show what the provisions of the Georgia statute were, except that it imposed upon the landlord the duty of keeping the premises in repair. The opinion, however, does state that the liability of the landlord arises only after notice and lapse of a reasonable time within which to make the repairs.

Appellant also cites the cases Horn v. Breakstone, 75 Misc. 343, 133 N. Y. S. 285, and Bornstein v. Faden, 149 App. Div. 37, 133 N. Y. S. 608. Both of these cases were brought under the provisions of what is known as the Tenement House Law of the state of New York, and it was held that a failure to comply with the law by keeping the halls of tenement houses lighted would constitute negligence. Likewise, in the case of Altz v. Leiberson, 233 N. Y. 16, 134 N. E. 703, the landlord was held liable for injuries caused by the falling of a ceiling which he had omitted to repair after timely notice of danger. The specific provision of the Tenement House Law, involved in that case, provided that, "Every tenement house and all the parts thereof shall be kept in good repair." The court, while holding that "the comprehensive sweep of this enactment admits of no exception," goes on to say that, "No doubt,

before a right of action will accrue in favor of the tenant, there must be notice, actual or constructive, of the defect to be repaired." It must be borne in mind, however, that the Tenement House Law was enacted for the very purpose of regulating and controlling the relation between landlords and tenants, and, as said in the opinion in the Altz case, supra, "The command of the statute, directed, as it plainly is, against the owner, * * * has thus changed the ancient rule." The Tenement House Law, however, as its name imports, was enacted for the specific purpose of regulating the relations of landlords and tenants, and the cases cited cannot be taken as authorities in construing the housing law of this state.

In the case of Annis v. Britton, 232 Mich. 291, 205 N. W. 128, the Supreme Court of the State of Michigan construed a provision of the Housing Law of that state which provided, as does the statute in this state, that "every dwelling and all the parts thereof shall be kept in good repair by the owner," and said:

"If plaintiff has any right to recover damages in an action of tort it is because the statute of 1917 required defendant to keep the premises in repair. This, of course, imports that the need of repair in fact existed, and was known to defendant, or his agent having charge of the premises, or should have been known had reasonable supervision been exercised in obedience to the statutory mandate and of neglect thereafter to make repair. * * *

"On behalf of defendant it is said the housing law is a penal statute, and cannot be invoked by plaintiff as a basis for exacting civil accountability from defendant. The statute imposes a specific duty, and if the negligent failure to perform such duty is the proximate cause of an accident to the tenant, civil accountability may be exacted of the owner."

It thus appears that of the cases cited by appellant, the only one that can be accepted as supporting appellant's claim that the provision of the Housing Law imposes a liability upon the landlord to keep a rented dwelling in repair, and that a failure to do so is negligence per se, is Annis v. Britton, supra, decided by the Supreme Court of Michigan.

On the other hand, the appellee contends that the whole purpose of the Housing Law of this state was to promote the health, safety, and welfare of the people in general, and that there was no intention on the part of the legislature to change the common-law rule

relating to the recovery of damages on account of the negligence of landlords.

The statute in question in this case is contained in what is known as the Iowa Housing Law. This law was enacted as chapter 123 of the Acts of the Thirty-eighth General Assembly and was entitled as follows:

"An Act in relation to the housing of the people in cities of the first class and special charter cities and cities under commission form of government, to promote the health, safety and welfare of the people by regulating the light and ventilation, sanitation, fire protection, maintenance, alteration and improvement of dwellings; to define the classes of dwellings affected by the act, to establish administrative requirements and to establish remedies and fix penalties for the violation thereof * * * "

Neither the title of the act nor the body thereof contains any specific provision showing that it was the intention of the legislature to impose upon the landlord a civil liability for damages to the tenant for injuries growing out of the failure to keep a dwelling house in repair, and the only liability imposed for a violation of this provision of the statute is penal in its nature. Appellee cites the cases of Palmigiani v. D'Argenio, 234 Mass. 434, 125 N. E. 592, and Vallen v. Cullen, 238 Mass. 145, 130 N. E. 216, in which the Supreme Court of the state of Massachusetts construed the provisions of a statute of that state relative to buildings in the city of Boston which provided:

"Every structure and part thereof and appurtenance thereto shall be maintained in such repair as not to be dangerous. The owner shall be responsible for the maintenance of all buildings and structures. * * * "

In the Palmigiani case the court said:

"It is plain that there is no express repeal of the rule at common law relating to contracts creating a tenancy at will, under which no liability is imposed on the land owner for obvious defects, or for want of repair, unless he contracts to keep the premises in a safe condition, and to make suitable repairs during the tenancy. Fiorntino v. Mason, 233 Mass. 452, 124 N. E. 283. The statute not having attempted to regulate or modify the contractual relations of the parties it should not be broadened, or a construc-

tion adopted by implication which would materially limit the rights of parties to enter into such lawful contracts as they please. It would be going far to say that the legislature intended to do away with fundamental law."

In the Vallen case the court used the following language:

"This statute does not in express terms attempt to modify or affect in any way the relations between landlord and tenant as they exist at common law. Fiorntino v. Mason, 233 Mass. 451, 124 N. E. 283; Crowe, Adm'r, v. Bixby, 237 Mass. 249, 129 N. E. 433, and such relations are not to be affected by implication in construing the statute, which is wholly inapplicable to the case at bar. Palmigiani v. D'Argenio, 234 Mass. 434, 436, 125 N. E. 592."

We are inclined to the view that the construction placed upon statutes of this nature by the Massachusetts court is preferable to that of the Michigan court. We feel that the lack of any specific reference, either in the title or in the body of the Iowa Housing Law, to the relation of landlord and tenant, and the absence of anything in either the title or the body of the law to indicate an intention to change the common-law rule and impose civil liability upon the landlord for damages sustained by a tenant growing out of a failure to repair in the demised premises, indicate that there was no intention on the part of the legislature to change such rule and impose such liability.

In our opinion, the action of the trial court in sustaining the demurrer to plaintiff's petition was proper, and the judgment appealed from is therefore affirmed.

CLAUSSEN, C. J., and STEVENS, EVANS, ANDERSON, ALBERT, and MITCHELL, JJ., concur.