Hibbard, P. J.
The plaintiff brought an action of contract against the defendant to recover from him as the guarantor of a promissory note in the principal sum of three hundred dollars, bearing date February 6, 1931, signed by one J. S. Larmour and payable to the plaintiff, with interest. The defendant answered in general denial with specific denial of signature and allegations that the plaintiff never gave the defendant any notice of advances made upon the guarantee, did not make demand upon Larmour when the note became due, did not give the proper notice of default by Larmour, that the defendant'had been prejudiced by failure of the plaintiff to make demand and give notice, that the plaintiff had not acted in good faith and with due diligence in prosecuting his claim, and that payments had been made upon the note by the said Larmour so that the plaintiff was not entitled to a full recovery or any part thereof.
The substance of the evidence for the plaintiff was that Larmour, the maker of the note, had requested a loan from the plaintiff who refused the application unless a guarantor was secured; that Larmour then had some conversation with the defendant relative to a guarantee; that the defendant refused at first to sign and requested Larmour to find some other person but that Larmour was unable so to do and accordingly the defendant signed the guarantee on the promissory note which was in evidence; that this signature was placed on the note by the defendant while he and Larmour were associated with the B. B. Snow Agency of the State Mutual Life Assurance Company, and further that *360 the guarantee was signed at the office of the defendant in that agency.
There was further evidence that the note and guarantee were prepared in the law department of the State Mutual Life Assurance Company and no change was made before signature; that the note was signed on February 6, 1931, and was not added to or changed after the signature; that as soon as practical after obtaining the defendant’s signature, the note was presented to the plaintiff and a loan made thereon; that the money was advanced on the same day that the guarantee was signed or within a day or two thereafter; that the plaintiff was not present when the defendant signed the guarantee and the money was delivered by the plaintiff to Larmour and the note and guarantee delivered by him to the plaintiff at the same time; that the defendant was not present when the money was paid by the plaintiff and the note delivered to him.
There was further evidence that Larmour deposited the proceeds of the loan with the exception of $10 in the Worcester County National Bank on the day the loan was received or the following day; that the bank records disclose the deposit of $290 was made in Larmour’s account on February 6, 1931, and that this was the only deposit of that or a similar amount made by Larmour on or about that time.
There was further evidence that Larmour purchased an automobile from the plaintiff shortly after the transaction involving the note and that Larmour made payments from time to time which, wére applied by the plaintiff on the automobile account; that there was no understanding between the parties as to how these payments should be applied but that the plaintiff understood they should be applied on the older account; that the balance due on the car had been reduced from $280 to $140 and that the plaintiff spoke to the defendant about the note the first time in September 1934 when he went to the defendant and asked him what *361 he was going to do about Larmour’s note; that prior to this time no notice had been given by him to the defendant either of the substance of the guarantee or of any defaults in payment; that the defendant was told the entire amount of the note with interest was due and demand made for payment; that the defendant replied he could not pay anything on the note as his daughter was getting married and he would see what he could do later; that subsequently a letter was sent by the plaintiff to the defendant and the latter sent a letter in reply which was introduced in evidence in which he said
“When I signed the piece of paper which you now hold I signed as a witness and not as a co-maker.”
There was evidence for the defendant tending to show he had a conversation with Larmour in the year 1930 in regard to a loan which Larmour intended to make from the plaintiff and that about this time and while associated with the Snow Agency he signed some paper for Larmour as a witness; that he did not sign the guarantee on the note in evidence; that he left the Snow Agency on March 30, 1930, and never saw Larmour or talked with him in the Snow Agency thereafter; that no notice was ever given to him of any default in payments by Larmour or of any acceptance by the plaintiff of any guarantee made by the defendant.
There was further evidence for the defendant that he did riot see or have any talk with Larmour on or about February 6, 1931; that from February 1, 1931 to February 7, 1931 he was not in Worcester but was in Georgia; that he left Worcester on February 1st and returned on February 7th; that on February 6th he was travelling between Georgia and Worcester.
There was confirmatory evidence that the defendant was at the convention during the dates above nariaed and that *362 the defendant’s connection with the Snow Agency terminated in 1930.
There was evidence for the defendant given by Larmour that it was the understanding of himself and the plaintiff that any payments made by'him were to be applied one-half on the open account (the automobile account) and one-half on the note in question.
At the close of the trial and before the final arguments the plaintiff filed certain requests for rulings as follows:
“1. The words ‘I hereby guarantee payment of the above note’ placed upon the promissory note held by the plaintiff and the said words being subscribed to by the defendant, constitutes a guaranty of the plaintiff’s note by the defendant.
2. Presentment and demand at the maturity of a promissory note upon the maker thereof and notice of dishonor to the guarantor is not necessary as a matter of law to fix the liability of the guarantor for the payment of such note.
3. A guarantor of a promissory note is not discharged from liability by the failure of the holder of the note to make presentment and demand on the maker thereof and give the guarantor notice of dishonor unless the guarantor is prejudiced by the failure of the holder to make such presentment and demand and to give such notice.
4. The burden of proof is upon the defendant to show that he has been prejudiced by the plaintiff’s failure to make presentment and demand for payment of the note in question from the maker thereof at maturity and give notice of dishonor to the defendant.
5. An unequivocal act of recognition of his liability by the defendant, made with full knowledge of the loches of the holder of the note guaranteed, will continue the liability of the guarantor.”
The defendant also filed certain requests for rulings but they were not passed upon by the Court.
The Court filed a written decision as follows:
“This is an action of contract upon a guaranty on a note. The defendant’s answer is a general denial *363 and also that no notice of the acceptance of the guaranty was given to the defendant and that certain payments have been made by the maker of the note and not credited.
Evidence by the plaintiff was in substance as follows. One J. S. Larmour testified that he made a promissory note payable to the plaintiff, and that on or about February 6, 1931, he took the note to the defendant, at the defendant’s office, and that he saw the defendant sign the guaranty, thereafter, he took the note to the plaintiff and obtained therefor the sum of Three Hundred ($300.) Dollars. The note was offered in evidence and marked Plaintiff’s Exhibit .#1. This witness further testified that he made various payments to the plaintiff and that it was understood between the plaintiff and him that one-half of the said payments were to be credited to the note here in question and that one-half of said payments were to be credited to another account that he owed the plaintiff.
The plaintiff testified that he loaned Three hundred ($300.) dollars to Larmour and took from him the note marked Exhibit #1 and that the note was then in the exact condition as it is at this time of trial. No changes had been made and that he had had it in his possesssion all the time. Plaintiff further testified that the first time he spoke to the defendant about the matter was in Sept. 1934 when he went to the defendant and asked him what he was going to do about it, and that he never gave any notice before that time to the defendant, either of the acceptance of the guaranty or of any defaults in payment; that he had received some payments from the maker of the note, but that he had applied all those payments on another account, which was an older account, and nothing had been stipulated by the maker of the note where the money was to be-applied. In cross examination, the witness testified that the other account owed by Larmour originated on March 1, 1931, and that he was mistaken in direct testimony when he stated that this was an older account. No evidence was given by the plaintiff of how much or how many payments had been made.by Larmour to him.
The defendant testified that sometime in 1930, he had some conversation with Larmour in regard to a loan which Larmour intended to make from the plain *364 tiff in this ease at that time. The defendant signed some paper for Larmonr, but the defendant denied having signed the note in evidence; that no notice was ever given to the defendant of any default or of any acceptance by the plaintiff of any guaranty made by the defendant. There was evidence by the defendant that from February 1st, 1931 to February 7, 1931, the defendant was not in Worcester, but that he was attending a conference in Georgia, and that the defendant left Worcester on February 1st, and returned to Worcester on February 7, 1931. This evidence eorroborated by one Stiff who testified that he was supervisor for agents of the Phoenix Mutual Life Insurance Company and that he was in charge of arrangements for the insurance conference in Georgia, and that the defendant was at said conference from the 1st to the 6th of February, and that the witness came home on the same train with the defendant. There was also some evidence introduced by the defendant as to the income and earnings of the maker of the note from the due date of the note to the present time, which evidence showed slightly smaller income than at the time the note became due.
Upon all the evidence, I find that the signature on the note is that of the defendant. I find that the plaintiff never notified the defendant of the acceptance of the guaranty. I find that certain payments were made by the maker of the note to the plaintiff which should have been credited on account of the note but such payments were not so credited. Upon all the evidence, I find for the defendant.
Certain Requests for Rulings were made by the plaintiff at the close of the evidence. I rule as requested in numbers 1, 2, 3 and 4. I rule as requested in #5, but I find that said ruling is not applicable to the evidence and facts found by me upon the evidence in this case.”
The plaintiff claimed a report.
This ease presents the situation where the plaintiff’s requests have all been given and the defendant’s denied. Where the Court takes no action whatever upon requests they are to be treated as if denied, The fifth request while given is qualified by the statement
*365 “I find that said ruling is not applicable to the evidence and facts found by me upon the evidence in this case.”
The Trial Court might well have held that there was no question for a review before this tribunal. Rulings given at an appealing party’s request are not properly the subject of legal review. Dennis vs. Maxfield, 10 Allen 138, 143. Noble vs. American Express Co., 234 Mass. 436, 539. The only possible objection a party can complain of is that the judge who gave the rulings requested has not followed them. Castano vs. Leone, 278 Mass. 429, 431. Further it should be borne in mind that findings of fact will not be disturbed on appeal if there is any evidence to support them. Moss vs. Old Colony Trust Co., 246 Mass. 139, 143. If a party desires to raise the issue that a finding is not warranted by the evidence he must make the issue a question of law. Reid vs. Doherty, 273 Mass. 388, 389.
However as the Trial Judge has settled the report, we consider the same as one filed of his own volition and not as of right. (Gr. L. (Ter. Ed.) c. 231, §108.) Such action is permissible by a Trial Judge without the necessity of going so far as the Court did in the report in LaCaisse vs. Cross, 1936 A. S. 201.
In deciding the issues here raised, we are at a disadvantage in that the Trial Court in the part of the decision which may be described as his conclusions has seen fit to use language which is both cryptic and susceptible of several interpretations. The very first sentence “Upon all the evidence I find that the signature on the note is that of the defendant” may be interpreted as a finding of fact that the guarantee was signed by the defendant as a guarantee or as claimed by the defendant for the purposce of witnessing the signature of the maker of the note. It leaves open the question raised by contradictory evidence as to when, under what circumstances and for what purposes the signature was attached.
*366 The second sentence “I find the plaintiff never notified the defendant of the acceptance of the guarantee” seems to be at variance with the first three of the plaintiff’s requested rulings, all of which were as above stated given by the Trial Judge. It is true that the first of such rulings is not aptly phrased. We may surmise but cannot be sure of the meaning of the words therein “and the said words being subscribed to by the defendant”. Moreover if by giving these three requested rulings, the Trial Judge held the instrument in evidence to be a promissory note which it is called in defendant’s requests there was no responsibility upon the part of the plaintiff to give any notice. This principle is fully established in Welch vs. Walsh, 177 Mass. 555, 561 wherein the subject is fully discussed by Loring, J.
The last sentence “Upon all the evidence I find for the defendant” assigns no reason for the conclusion so indicated.
While the Court holds that the fifth request is a correct statement of the law, he qualifies the granting of the same by finding it not applicable to the facts found. No facts are found from which it can be determined whether this statement is correct or not. It was said in Hetherington & Sons vs. William Firth Company, 210 Mass. 8,17:
“Where the facts are not agreed and no memorandum of findings is filed commonly it cannot be certain precisely what facts are found or which witnesses are believed by the Trial Judge in reaching his conclusions.”
It is equally true that even where a request is granted but is limited as in the present instance, justice requires that the finding be sufficient to determine why the principle of law stated in the requested ruling is not applicable.
The plaintiff has briefed and argued the following points:
(1) The Court by its decision, has in effect allowed the defendant’s requests numbered 1,- 8, 9 and 15, which re *367 quests the plaintiff contends are erroneous as a matter of law. As we have already stated, we must treat these requests as refused in view of the fact that they were not passed upon by the Court.
(2) The decision is inconsistent as a matter of law with the facts found and upon the facts so found the finding should have been for the plaintiff as a matter of law. We cannot hold this to be a correct view in the absence of definite findings.
(3) The facts found by the Trial Judge indicate the decision for the defendant was based upon the plaintiff’s failure to notify the defendant of the acceptance of the guarantee and the plaintiff holds that such notice is not required as a matter of law in case of an absolute guarantee. Here again the paucity of the finding confronts us and while there seems to be ground for agreement with this contention we are not sure of the motives which inspired the finding for the defendant.
The defendant has argued the plaintiff was not entitled as of right to any report in this case. We have dealt with this subject and have held the report is properly before us.
Defendant further raises the objection that the request for a report was not filed within five days after notice and that it did not contain a clear and concise statement of the rulings upon which a re-hearing was requested sufficiently full and accurate for identification. These are questions of fact which should first be determined by the Trial Judge.
All of the foregoing leads to one conclusion, namely that the case must be sent back to the court of origin for a retrial. The finding may have been right but we are unable on the- report so to determine. Kaufman vs. Sydeman, 251 Mass. 210, 217.