BERNARD J. CASEY, Appellant, v. VALLEY SAVINGS BANK et al., Appellees.

No. 45741.

**NOVEMBER 18, 1941.**

REHEARING DENIED MARCH 13, 1942.

Walter F. Maley and F. G. Ryan, for appellant.

Hallagan, Fountain, Steward & Closs, Whitfield & Musgrave, and Edw. J. Kelly, for appellees.

MILLER, C. J.—The real estate involved herein is known as the Stratford Hotel in Des Moines, Iowa. Defendant bank acquired title thereto in 1934 following foreclosure of a mortgage. The property is used as a hotel. Defendants John and Kate M. Rolfsema have operated the hotel continuously since 1931 and were in possession as tenants for that purpose when the bank acquired title to the property. On December 17, 1936, the bank entered into a written lease with the Rolfsemas for the period January 1, 1937, to April 1, 1942, at a monthly rental of $250 during 1937, $300 during 1938 and 1939, $350 thereafter, and providing that the lessees should keep the premises in repair. The Rolfsemas have had exclusive possession of the premises under such lease. The bank assigned its interest in the property and the lease to the Valley Des Moines Company.

Plaintiff was a guest at the Stratford Hotel for some time and on May 19, 1940, was employed by Mrs. Rolfsema temporarily as night clerk in the hotel. Plaintiff asserts that the elevator on the premises was not equipped and maintained as required by sections 1678 and 1684.1 of the Code, 1939, that about midnight of May 19, 1940, he undertook to use the elevator to answer a buzzer call, fell into the elevator pit and was injured. He asserts that defendants were negligent in failing to maintain the elevator as required by statute, in failing to warn him of the defective condition, in operating the elevator with insufficient light, in failing to inspect the elevator and make repairs of its mechanism, and that he was free from contributory negligence.

Defendants Valley Savings Bank and Valley Des Moines Company moved to strike the cause of action against the Rolfsemas. This motion was overruled but the court granted separate trials to the two sets of defendants. The bank and the Valley Des Moines Company filed answers which asserted general denials, the transfer of the property and the lease to the Valley Des Moines Company and that said company as owner and lessor was not liable to plaintiff. Plaintiff filed a reply which asserted that the Valley Des Moines Company is a mere holding company for the bank.

The case proceeded to trial against the bank and the Valley Des Moines Company. Evidence was introduced by plaintiff

which showed the acquisition of title to the building by defendant bank, the occupancy of the property by Rolfsemas, the written lease in regard thereto, the purported transfer of interest in the property and lease by the bank to the Valley Des Moines Company, the temporary employment of plaintiff as night clerk for the Rolfsemas on May 19, 1940, his use of the elevator in the course of such duties and the accident about midnight which caused the injuries for which he seeks recovery of damages.

At the close of plaintiff's evidence, the defendants made a motion for a directed verdict in their favor for the following reasons: The evidence fails to show any negligence on the part of defendants that was the proximate cause of the injury; the plaintiff failed to establish freedom from contributory negligence; the premises are shown to have been leased to the Rolfsemas who had entire control of same, including the elevator, and any defects therein are not chargeable to defendants as landlords, who had no notice of same; under the provisions of the lease, defendants would not be liable except through palpable neglect on their part which has not been shown; the bank had parted with its interest in the property and lease and owed no duty to plaintiff. The court sustained the motion generally, judgment was entered accordingly and plaintiff appeals. The only errors asserted as grounds for reversal pertain to the ruling on the motion for a directed verdict.

I. Plaintiff's first assignment of error asserts that defendants are liable herein because the evidence shows that the elevator, at the time of the lease to the Rolfsemas and continuously thereafter to the time of plaintiff's injury, was inadequately lighted and not equipped as required by sections 1678 and 1684.1 of the Code, 1939. We find no merit in this assignment.

Defendants assert that the plaintiff failed to establish that the premises were inadequately lighted. Without undertaking to review the evidence on this issue, suffice it to say that the evidence is undisputed that adequate lighting facilities were furnished. If there is any basis for the claim that the vicinity of the elevator was inadequately lighted, this condition was created by plaintiff, as night clerk, turning off a number of lights. He testified that he did this at the direction of Mrs. Rolfsema. Even

so, we are unable to find any rule of law which would hold the defendants, as owners and lessors of the building, responsible for such condition upon the facts shown by this record. The cases upon which plaintiff relies are clearly distinguishable.

The statutory provisions regarding the equipment of the elevator upon which plaintiff relies are the following: Section 1678 of the Code, 1939, provides, "Every elevator and elevator opening and machinery connected therewith * * * shall be so constructed, guarded, equipped, maintained, and operated as to render it safe for the purposes for which it is used." Section 1684.1 provides, "The hoistway doors and gates of all passenger elevators shall be equipped with an approved interlock (locking device), electrical, mechanical, or electro-mechanical, which will prevent the normal operation of the elevator car: unless the hoistway door at which the car is standing is closed and locked; or unless all hoistway doors are closed and locked; and second, shall prevent opening the hoistway door from the landing side except by a key or special mechanism; unless the car is standing at the landing door."

Plaintiff testified that the mechanism of the elevator did not function in conformity with the statute last above quoted. He used the elevator on several occasions before he received his injury. On each occasion, he was able to open the elevator door from the landing side without any key or special mechanism. However, the pictures of the elevator door and the testimony in regard to it show that the elevator door was equipped with an interlock such as contemplated by this statute. The reason why plaintiff was able to open the door from the landing side was not due to the absence of such equipment, but solely to the fact that the equipment was not in proper adjustment. In view of this record, it is important to consider the testimony regarding the duration of such defective adjustment and the notice or knowledge of defendants in regard thereto.

The case is unusual in that the tenants were in possession and control of this building before the defendants acquired title thereto and became landlords thereof. Plaintiff, however, asserts that the evidence establishes that the defective condition existed before the lease was made and continuously to the time of his injury. We have carefully examined the record and are unable

to find any satisfactory evidence that this defective adjustment of the mechanism of the elevator existed prior to January 1, 1937. Neither do we find any evidence that the defendants had notice or knowledge of such condition. Defendants contend that, in the absence of a showing that the condition existed prior to the commencement of the lease and notice or knowledge on the part of defendants of such condition, plaintiff has failed to establish any basis for liability on their part. We find merit in this contention.

Plaintiff relies upon our decision in the case of Burner v. Higman & Skinner Co., 127 Iowa 580, 103 N. W. 802. This case states the rule at page 585 of 127 Iowa, page 804 of 103 N. W., as follows:

"To this general rule of nonliability on the part of the landlord there are exceptions * * *. Another exception exists where there is a defect in the premises leased, existing at the time of the demise, that constitutes a nuisance which it is the duty of the landlord to abate. In such cases both the landlord and the tenant are liable—the former as author and the latter as continuor of the nuisance. Of course, the landlord is not liable for nuisances created during the term covered by the lease, unless he in some manner actively contributes to the creation thereof."

And again, at page 588 of 127 Iowa, page 805 of 103 N. W., we state:

"Had they retained no control over the elevator, there would have been no liability, in the absence of a showing that at the time they leased the premises there was a nuisance, of which they had knowledge, and which it was their duty to abate."

Plaintiff undertook to prove that the interlock on the elevator door was not properly adjusted at the commencement of the lease, January 1, 1937, by the testimony of one Edgar J. Robb, a former employee at the hotel, who testified as follows:

"My employment at the Stratford Hotel was from August 3, 1936, to November 10, 1939, approximately three years and three months. There was a locking device on the elevator doors.

* * * There have been times during my employment that I was able to open the door from the outside on the lobby floor. When the cage itself was not at the landing floor by taking hold of the bars and jerking it back, it would release. I remember about three occasions. The delivery man came in with some hotel supplies to deliver to the hotel and had been in the habit of putting them on the elevator. In the meantime, John Rolfsema had the elevator upstairs and this man came in and took hold of the door and was about to step in and I hollered and said to be careful that the elevator was up. He had opened it while the elevator was up and away from the landing. * * * The laundry man jerked the door open about two years ago. I didn't charge my memory with it at that time so I don't know. It was earlier in 1938. My best judgment is it was in the forepart of 1938. I didn't charge my memory at the time so I know nothing of it. The laundry man opened the door with his left hand, he jerked the door."

We do not think that this testimony was sufficient to meet the burden cast upon the plaintiff. A case which seems to be particularly in point is that of Fraser v. Kruger, 8 Cir., S. D., 298 F. 693, 696, 699, wherein the court states:

"The general rule is well settled that the duties and liabilities of a landlord to persons on the leased premises by the invitation of the tenant are the same as those owed to the tenant himself. A subtenant, servant, employee, or guest of the tenant is ordinarily held to be so identified with the tenant that his right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury. This is true because such persons enter under the same title as the lessee, and not at the invitation express or implied of the landlord. [Citing cases.]

"Where there is no agreement by the landlord to repair the demised premises, and he is not guilty of any fraud or concealment by failing to. disclose hidden defects of which he has knowledge, the tenant takes the risk of their safe occupancy, and the landlord is not liable to him or to any person entering under his title or by his invitation for personal injuries sustained by reason of their unsafe condition. [Citing cases.] * * *

"There is nothing in the evidence from which the jury could have determined either the time when the blocks were nailed on to the elevator so as to prevent the safety device from functioning or who placed them there. There is no more reason to believe that it was done by the employees of the landlord than by the employees of the tenant. * * * Under the circumstances if the jury had been called upon to decide who was responsible for the blocking of the safety device they would have had to make a mere conjecture or guess, and the burden was upon plaintiff to produce not facts from which the jury might guess but facts from which they might reasonably find that the defective condition existed at the time of the making of the lease, or at least at the time the tenant took possession and control."

As above pointed out, plaintiff was under a duty to produce not facts from which the jury might guess but facts from which the jury might reasonably find that the defective condition existed at the time of the making of the lease. Plaintiff's evidence shows that the condition existed in the early part of 1938. But for the jury to say that it existed prior to January 1, 1937, would be mere guesswork. The testimony also fails to show notice to or knowledge by defendants of any defect in the mechanism. We hold that the evidence is insufficient.

II. Plaintiff's third and fourth assignments of error assert that defendants, as landlords, by leasing the property to the Rolfsemas, were not thereby released from the duty to comply with the statute regarding the construction and equipment of the building. The argument suggests that the common-law rule, discussed in Division I of this opinion, has been abrogated by the statutes relied upon. We find no merit in such contention.

A contention, somewhat analogous to that made herein, was asserted in the case of Johnson v. Carter, 218 Iowa 587, 591, 592, 593, 255 N. W. 864, 866, 867, 93 A. L. R. 774, wherein we state:

"It thus appears that of the cases cited by appellant, the only one that can be accepted as supporting appellant's claim that the provision of the Housing Law imposes a liability upon the landlord to keep a rented dwelling in repair, and that a

failure to do so is negligence per se, is Annis v. Britton, supra, decided by the Supreme Court of Michigan.

"On the other hand, the appellee contends that the whole purpose of the Housing Law of this state was to promote the health, safety, and welfare of the people in general, and that there was no intention on the part of the legislature to change the common-law rule relating to the recovery of damages on account of the negligence of landlords. * * *

"Neither the title of the act nor the body thereof contains any specific provision showing that it was the intention of the legislature to impose upon the landlord a civil liability for damages to the tenant for injuries growing out of the failure to keep a dwelling house in repair, and the only liability imposed for a violation of this provision of the statute is penal in its nature. Appellee cites the cases of Palmigiani v. D'Argenio, 234 Mass. 434, 125 N. E. 592, and Vallen v. Cullen, 238 Mass. 145, 130 N. E. 216, in which the Supreme Court of the state of Massachusetts construed the provisions of a statute of that state relative to buildings in the city of Boston. * * *

"We are inclined to the view that the construction placed upon statutes of this nature by the Massachusetts court is preferable to that of the Michigan court. We feel that the lack of any specific reference, either in the title or in the body of the Iowa Housing Law, to the relation of landlord and tenant, and the absence of anything in either the title or the body of the law to indicate an intention to change the common-law rule and impose civil liability upon the landlord for damages sustained by a tenant growing out of a failure to repair in the demised premises, indicate that there was no intention on the part of the legislature to change such rule and impose such liability."

We think that the language above quoted is applicable to plaintiff's contentions herein. Section 1678 of the Code, 1939, was originally enacted as section 1, chapter 18, Acts of the 40th General Assembly. Section 1684.1 of the Code, 1939, was originally enacted as section 4, chapter 31, Acts of the 41st General Assembly. Neither the title nor the body of either statute contains any specific provision showing that it was the

intention of the legislature to impose upon the landlord a civil liability for damages to an employee of a tenant growing out of failure of the tenant to keep an interlock on an elevator door in proper adjustment. We hold that such statutes did not change the common-law rule that is applicable herein.

Other questions are argued in the briefs. It is not necessary to discuss or decide them. The order sustaining the motion for a directed verdict was right. The judgment is affirmed.— Affirmed.

SAGER, BLISS, GARFIELD, STIGER, WENNERSTRUM, HALE, and OLIVER, JJ., concur.