Weygandt, C. J.
 

 The single assignment of error here urged by the defendant involves two statements made by the trial court in the charge to the jury. The first was given before the arguments. It reads as follows:
 

 “I charge you, as a matter of law, that it was the duty of the defendant, The Rock Investment Company, to maintain the rear stairway of the premises at 5518 to 5612 Woodland avenue, Cleveland, Ohio, in good repair on July 10, 1940.”
 

 The second statement was made during the general charge after the arguments. The substance was the same but it was expressed in the following form:
 

 “If you find by a preponderance of the evidence that the defendant herein failed to keep this stairway in good repair, then it would be failing in the duty which it owed to the plaintiff, and in the law this would constitute negligence.”
 

 Although there is nothing in the pleadings or charge to so indicate, counsel agree that these instructions were based upon the following ordinance designated as Section 2109 of the Municipal Code of the city of Cleveland:
 

 “Cleanliness and Repair. Every tenement house and all rooms, passages, stairs, halls, floors, walls, ceilings, windows, doors, cellars, roofs, porches, balconies,
 
 *631
 
 thereof and all plumbing drains, water closets, privies, cesspools, and the yards, courts, passages, and appurtenances thereof shall be maintained thoroughly clean, sanitary and in good repair and free from any accumulation of filth, garbage or other refuse matter.
 

 “Any person who shall cause or permit any filth, garbage, or other refuse to be cast into a shaft, a court, yard or other space, or shall commit any other nuisance in or about a tenement house, or shall in any way deface, destroy, or cause to be out of repair any part of a tenement house, or any fixtures therein, shall be subject to a fine as hereinafter provided.”
 

 Concededly, the settled common-law rule in effect in this state requires the owner of an apartment building to exercise ordinary care to keep common stairways in a reasonably safe condition. Restated more specifically, the rule exacts ordinary care on the part of a landlord to repair defects' of which he has actual knowledge, or of which he would know had he exercised reasonable care in inspecting premises in his possession or under his control.
 

 Reduced to its lowest terms, the precise question présented to this court is whether this definite and established rule of civil liability has by necessary implication been modified by a penal ordinance of this character.
 

 As indicated by its title and its terms, the ordinance patently is intended primarily as a sanitary regulation. Significantly its application is not limited to tenement-house owners; instead, it employs the all-inclusive language “any person.” Equally significant too, is the startling fact that it does not distinguish between demised premises and those used in common. Thus, if the ordinance were interpreted as an intended modification of the established rule, as contended by the plaintiff, the civil liability of a landlord would be the same irrespective of whether possession and control
 
 *632
 
 of the premises were retained by him. A majority of the members of this court are of the opinion that if any such change is to be injected into the law, it should be based upon express legislative enactment and not upon judicial inference.
 
 Palmigiana
 
 v.
 
 D’Argenio,
 
 234 Mass., 434, 125 N. E., 592;
 
 Vallen
 
 v.
 
 Cullen,
 
 238 Mass., 145, 130 N. E., 216;
 
 Chambers
 
 v.
 
 Lowe, 117
 
 Conn., 624, 169 A., 912;
 
 Johnson
 
 v.
 
 Carter,
 
 218 Iowa, 587, 255 N. W., 864.
 

 By the pleadings and the evidence negligence on the part of the defendant was made an issue in the case. The questioned instructions imposed absolute liability rather than the requirement of ordinary care. This was prejudicially erroneous.
 

 The judgment of the Court of Appeals must be reversed and the cause remanded to the trial court for retrial.
 

 Judgment reversed and cause remanded.
 

 Turner, Matthias and Hart, JJ., concur.
 

 Williams and Zimmerman, JJ., dissent.
 

 Bettman, J., not participating.