G-adsby, J.
This is an action of tort by which the plaintiff, Ida 0. Altri, seeks to recover for personal injuries received by her on or about February 24, 1946, as a result of the alleged defective condition of a common passageway on the premises at 357 Sumner Street, East Boston, a portion of said premises being occupied by the plaintiff as a tenant at will. The plaintiff alleged .that it was the duty of the defendant to keep the said common passageway in a safe condition and good repair and that the defendant negligently caused or permitted the said passageway to he in a dark, unlighted, and otherwise dangerous condition.
The answer is general denial, contributory negligence, and an averment that if there were injuries as alleged, they were *182 caused by someone for whose conduct the defendant is not responsible.
At the trial of the case the plaintiff Ida C. Altri testified that she lived in the middle floor of a three story house; that entrance to her flat could be had in one of only two ways: (1) By a front entrance: and (2) By a rear entrance. As she would open her kitchen door, which was in the rear of the house, she would find herself in a very narrow corridor. This served no purpose except as a passageway for people coming from the first story up to her flat or going up to the tenant on the third floor. There wasn’t room for anything to be stored or placed there. The only means of lighting this corridor and the stairway leading downstairs was by a single bulb lighting fixture depending from the ceiling of the corridor and connected with the plaintiff’s meter. She had been a tenant of the building for about five years, having hired it in 1941 from a woman named Lynch. After she had been there for about a year the property changed hands. At that time the Columbia Trust Company became the owner and a man named Cohen came with a man named Porter and she was told by Porter to pay the rent to Cohen and that Cohen would máke repairs. She thereafter made certain requests for repairs to Cohen and the repairs were made. She knew Mr. Porter and used to see him in the Columbia Trust Company office. The lighting fixture was in good working order when she went there to live.
For about four months before the plaintiff was injured the lighting fixture in the corridor mentioned was out of order. For a while it would work if she screwed a bulb in but later it wouldn’t work at all and, from about the first of January until the night of the accident, there was no way to light it and on several occasions during this time she called Cohen’s attention to it. She knows of no transfer of *183 ownership at any time between the time that Porter and Cohen came on the premises for the Columbia Trust Company and the time several months after the accident when the house was sold at auction. She never heard of any sale or transfer of the property in or about the month of January, 1946. So far as she knows it was owned by the Columbia Trust Company from the time Porter and Cohen first came on the premises to the time of the auction. Up to the time of the auction she continued to pay her rent to Cohen. After her accident the landlord repaired the lighting fixture.
The plaintiff Ida C. Altri further testified that she received her injury shortly after midnight; that she was going down the back stairs; that there is a bannister on the left hand side of the stairway but none on the right; that she had hold of the bannister; that it was impossible for her to see anything at all of the stairs because of the darkness; that she couldn’t see where she was stepping; that the construction of the stairs was such that they were wide on the right side but tapered down on the left side at a turn and were very narrow; that when she reached the turn in the stairway she put her left foot down and missed a step; that her hold of the bannister was broken and she was thrown about eight steps to the bottom of the flight into the corridor of the first floor. She testified that it was her custom to keep the bulb in the fixture of the second floor corridor burning until everyone was in at night; that on some occasions during the period in which the light had not been working she had lighted matches to see her way up and down the stairs, but didn’t do so on the night of this accident. She further testified to the nature of her injury, which included a broken nose.
One Bennett B-idlon, called as a witness by the defendant, testified that he is an officer of the defendant bank; *184 that the defendant bank took over the Columbia Trust Company of East Boston on January 19, 1946 and thereby became, for the first time, the landlord of all properties owned by the Columbia Trust Company of which the premises in question were a part. On cross-examination, he identified Porter as vice-president of the National Shawmut Bank and a former oficial of the Columbia Trust Company. He also knew that Mr. Cohen is now connected with the National Shawmut Bank and that he collects' rents, decides what repairs are necessary, arranges for the making of the repairs, deducting moneys for this work as well as his commissions, and that he wtas paid for making the repairs which were purely within his- discretion.
The plaintiff Ida C. Altri introduced into evidence chapter 479 of the Acts of 1938' as amended by chapter 217 of the Acts of 1939 and directed the Court’s attention particularly to the following provisions:
Section 1819 (e) is as follows:
“Required stairways, passageways, corridors and other exits, interior or exterior, except in single family dwellings and within apartments or suites of building .of Group I, shall be kept adequately lighted when the building is occupied, or shall be provided with approved means for lighting which can be turned on by an occupant at a convenient point or points”.
Section 1804 (e) which deals with “required” exits, is as follows:
“Every story in a building shall have at least two exits except (1) Stories above the first floor in single family dwellings less than three stories in height.
(2) A basement or cellar constructed large enough for low pressure heating apparatus and as fuel storage only, requiring attendance of not more than two persons”.
*185 (Section 106 defines “remote” exit, in reference to two or more exits.
“removed or distant from one another in such manner that a person in any place served by such exits may choose either of two directions in a path toward an exit and in such manner that a single fire could not in its early stages block both paths towards an exit”.
'Section 1001 defines Group H as including hotels, apartment hotels and other structures not here relevant.
Section 1101 defines 'Group I as including dwellings accommodating not more than three families, nor more than two families above the first story, also dormitories, lodging houses, clubs, convents and monasteries with sleeping accommodations for less- than ten persons.
Section 122 prescribes penalties for violation of the code.
At the close of the evidence, and before final arguments, the defendant made the following requests for rulings:
“1. That the plaintiff, Ida C. Altri, cannot recover on Count 1 of the declarations. 2. That there is no sufficient evidence to warrant a finding for the plaintiff, Ida C. Altri. 3. That there is no sufficient evidence ■to warrant that the alleged defective condition of the premises had arisen between the time the defendant took over the premises and the time of the accident. 4. That there is no sufficient evidence to warrant a finding that the defendant agreed to light the locus of the accident”.
The 'Court denied defendant’s requests Nos. 1 and 2 and allowed Nos. 3 and 4.
The Court made no finding of facts' and found for the plaintiff.
There can be mo Recovery by the plaintiff unless the defendant were negligent. There must be a violation on the part of the defendant of some duty to the plaintiff. As *186 was said in Bergeron v. Forest, 233 Mass. 392 at 399, “Negligence consists in doing or omitting to do an act in violation of a legal duty or obligation due to the person sustaining injury”.
The general rule as to the liability of a landlord to a tenant for defects in a common passageway is well settled. As the Court said in Sneckner v. Feingold, 314 Mass. 613 at 614, ‘ ‘ The landlord owes a duty, not to keep the common passageway in as good a condition as that in which it was or appeared to be at the time of the letting, but rather to use .reasonable care-to do so”. iSee Williams v. Pomeroy, 254 Mass. 290; Berg v. Elder, 290 Mass. 540. In the case at bar when the relationship of landlord and tenant began between the plaintiff and defendant, the lighting fixtures were out of order.
As was said in Cameron v. Buckley, 299 Mass. 432 at 434, ‘ ‘ The plaintiff had the burden of proving that she sustained her injuries through a lack of reasonable care on the part of the defendants to keep the common stairway in as good a condition as it was or appeared to be when the tenancy began.”
There remains for discussion the effect of a possible violation of 'Chapter 479 of the Acts of 1938 as amended by Chapter 217 of the Acts of 1939, otherwise known as the Building Code of the City of Boston. Assuming for the sake of argument that such a violation were properly pleaded in the plaintiff’s declaration, such a violation would not impose on the defendant an additional civil liability independent of its common law liability arising from the relationship of landlord and tenant.
As was .said in Palmigiani v. D’Argenio, 234 Mass. 434, 125 N. E. 592, “ The statute which provides- that owners of buildings in Boston shall maintain their premises in such repair as not to be dangerous, does not repeal ¡nor *187 modify the rule of the common law relating to tenancies at will, and in case of such a tenancy, no liability on the landlord for obvious defects or want of -repair of the premises arises unless he contracts to keep the premises in a safe .condition and to make suitable- repairs during the tenancy”.
As was said in Heilbronner v. Scahill, 303 Mass. 336 at 338, “If there had been a violation by the defendant of these provisions, such violation would not, as the plaintiff contends, impose on the defendant an- additional civil liability independent of its common law liability arising from the relationship of landlord and tenant”.
In Richmond v. Warren Institution for Savings, 307 Mass. 483 at 485, the ‘Court said, “Violation of the statute had no effect as evidence of negligence* There can be negligence only with relation to a duty to exercise care, and as the statute creates no new duty of care as between landlord and tenant, the duty of care, if any in this case must be that existing -at common law”. And at -common law a landlord of a tenement house was under no obligation to keep a common hallway lighted.
There being prejudicial error in the denial of defendant’s request Nos. 1 and 2, the finding for the plaintiff must be reversed and a finding ordered for the defendant.