Strafford,  }
June, 1896. }

## HUTCHINS v. MACOMBER, *Receiver.*

When the circumstances under which an accident occurred disclose nothing in the plaintiff's conduct to which negligence can fairly be imputed, the absence of fault may justify a finding of due care on his part.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff's evidence tended to show that she was a passenger upon one of the defendant's cars on December 20, 1894; that the conductor stopped the car at a certain place at her request, to allow her to alight; that when she was upon the rear platform or lower step of the car and about to get down, she noticed a team approaching at a high rate of speed on the side of the car on which she was, and requested the conductor to wait a moment for the team to pass; and that after the team had passed, as she was putting one foot from the lower step to the ground, the car started quickly, and she was thereby thrown to the ground and was injured. When the plaintiff rested, the defendant moved for a nonsuit on the ground that she had not shown affirmatively that she was not in fault. The motion was denied, and the defendant excepted.

*Arthur G. Whittemore* and *William F. Nason*, for the plaintiff.

*John Kivel, Robert G. Pike*, and *Worcester, Gafney & Snow*, for the defendant.

WALLACE, J.   Before a recovery can be had in an action for personal injuries on the ground of negligence, it must be established not only that the defendant was negligent, but that the plaintiff was in the exercise of due care in respect to the occurrence from which the injury arose. The burden is upon the plaintiff to prove both these essential propositions. Although the question whether the plaintiff is in the exercise of due care is in form an affirmative proposition, yet, as was said in *Mayo v. Railroad*, 104 Mass. 137, 140, " it is not necessarily to be proved by affirmative testimony addressed directly to its support." If the circumstances of the case as adduced in evidence exclude all fault on the part of the plaintiff, or if they show nothing in his conduct to which negligence can be imputed, or to which the injury could in whole or in part be attributed, the exercise of due care may be inferred from the absence of fault, and may be proved as effectually as by affirmative testimony. *Lyman v. Railroad*, 66 N. H. 200; *Mayo v. Railroad, supra.*

To warrant the ordering of the nonsuit, there must have been an absence of evidence from which a jury could properly find that the plaintiff was in the exercise of due care. From the facts disclosed, it appears that the plaintiff, as she was about alighting from the rear platform of the street car, requested the conductor to wait a moment for a team to pass which was approaching at a high rate of speed on the side of the car on which she was; and that after it had passed, as she was putting one foot from the lower step to the ground, she was injured by the sudden starting of the car. Here was evidence from which the jury were warranted in finding that the plaintiff acted properly in waiting for the rapidly approaching team to pass and in not exposing herself to injury by stepping in front of it; that, having requested the conductor to wait a moment for it to pass and there being no objection on his part, she had a right to expect that he would wait a reasonable time for her to alight; and that she was in the exercise of due care in respect to the occurrence from which the injury arose. The motion for a nonsuit was properly denied.

*Exception overruled.*

CHASE and PIKE, JJ., did not sit: the others concurred.