Coös,
Jan. 3, 1911.

## CRAWFORD, *Adm'r*, *v.* MAINE CENTRAL RAILROAD.

Where there is evidence to sustain a finding that a passenger's illness was caused by the unsuitable condition of a railroad station, the mere possibility that it might have resulted from infection, without proof of exposure thereto, is not sufficient to preclude a submission of the question to the jury.

The extent to which a cross-examination upon collateral matters may be carried is a question determinable by the justice presiding at the trial.

The exclusion of testimony which might properly have been rejected as immaterial is not legal error.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1910, of the superior court by *Chamberlin*, J. The ground upon which the action proceeded was that the defendants negligently failed to maintain their station at Jefferson Junction in a suitable condition for the accommodation of waiting passengers, and that the plaintiff's intestate, while a passenger, suffered unnecessary exposure to the weather by reason of such negligence, and contracted a severe cold which caused her death. The defendants' motions for a nonsuit and the direction of a verdict in their favor were denied, subject to exception.

Upon cross-examination of a physician called by the plaintiff, the following question was excluded, subject to exception: "Now in making out the death certificate of a person that died, cause of death exopthalmic goitre and contributing cause heart disease, the existence of the goitre ten years, if that were changed right around, and the cause of death was heart disease and the contributing cause goitre, you would see nothing strange about that, would you?"

The following question, propounded by the defendants to a qualified physician called by them, was excluded, subject to exception: " Assuming this woman had goitre, was in the weakened condition that I have described in my previous question; assuming that she started from Jefferson Highlands on a stormy morning early, snow falling rapidly and the wind blowing so that men would not work out that forenoon; that she rode from two and one half to three and one half miles; that she got into a hot car and rode from Jefferson Highlands out to Jefferson Junction; that she went through snow and into the station, the station being cold; that she waited there fifteen minutes, then she got into a hot car, rode down

to Bemis, arriving a little past nine o'clock in the morning; that she left the car and walked a distance of something like twenty-one rods up a steep—quite a steep—hill; that after she got home she found her feet damp, clothes wet, and that she had a chill, and that was followed by a cold of a grippy nature—a grip cold: Could you possibly say where she contracted that grip cold?''

*Sullivan & Daley* (*Mr. Sullivan* orally), for the plaintiff.

*Drew, Shurtleff & Morris* (*Mr. Morris* orally), for the defendants.

PARSONS, C. J. The defendants admit their duty to provide suitable stations and other facilities for the accommodation of the public (P. S., c. 159, s. 1) and their liability for injury resulting to a passenger from the negligent performance of this duty. *Boothby* v. *Railway*, 66 N. H. 342. They do not contend that upon the evidence it could not be found that Mrs. Crawford, the plaintiff's intestate, contracted a cold at the time alleged, or that from the condition of the station at Jefferson Junction she suffered more or less exposure on that day, or that there was evidence that such exposure might have such result. The only ground urged in support of the motions for a nonsuit and a verdict is that colds are contagious, and that Mrs. Crawford might have contracted her cold by exposure to contagion as well as from exposure to the low temperature of the station. The principle invoked is that where it is equally probable that the injury resulted from a cause for which the defendants are not responsible as from one for which they are liable, the jury cannot be permitted to guess which was the real cause. *Deschenes* v. *Railroad*, 69 N. H. 285, 290.

The difficulty with the defendants' position is that there is no evidence in the case of exposure to contagion; either that colds of any description were generally prevalent, or that any person with whom Mrs. Crawford had come in contact suffered in this way. The only cold in the evidence is the one Mrs. Crawford had. Whatever the truth may be as matter of science, there was competent evidence in the case that colds may be produced by such exposure as befell Mrs. Crawford through the defendants' failure to properly warm the room provided for waiting passengers. The possibility of other sufficient causes of which there was no evidence did not preclude the jury from ascribing the cold to the cause of which

there was evidence, if the connection, in the light of all the evidence, appeared to them sufficiently clear and definite.

"The rule of *Deschenes* v. *Railroad*, 69 N. H. 285, that the jury cannot be permitted to determine by guess or conjecture between two equally probable causes of the injury, for one only of which the defendant is responsible, has no application unless the existence of a sufficient cause or causes for the injury, aside from the negligence charged, is conceded or conclusively proved. . . . When the evidence discloses no connection between the injury and the negligence charged, except a bare possibility that the former resulted from the latter, there is nothing for the jury where it is also possible the injury may be due to other causes. . . . But where the injury is a natural and probable result of the negligence charged, a wrongdoer 'cannot set up as an answer to the action the bare possibility of a loss if his wrongful act had never been done.'" *Boucher* v. *Larochelle*, 74 N. H. 433, 434, 435.

Upon the evidence, Mrs. Crawford's illness was a natural and probable result of the condition created by the defendants' negligence. The possibility that something else might have been the primary cause thereof is not an answer as matter of law. It was for the jury to determine the probable cause upon all the evidence. If a person were at the same time exposed to two sources of contagion equally liable to infect him with disease, whether, if so infected, the infection were due to one cause or the other would be mere speculation or conjecture. But if there were proof of exposure to one source of infection sufficient to cause the disease, the possibility of other sources of infection, without proof of exposure, would not render the conclusion that the disease was due to the known exposure a guess or conjecture. The latter case would present a question of probability for the jury; the former would not.

The case of *Littlehale* v. *Osgood*, 161 Mass. 340, used by the defendants as an illustration, does not sustain their present contention. The language of the court quoted in the brief was not used to sustain the proposition that the case was not for the jury, but in answer to the plaintiff's exception to instructions upon which it was submitted. If the instructions quoted are a correct statement of the law as applicable to the present case, it must be assumed, as the case is here, that they were given the jury if asked for. As there was evidence from which it could be found that the plaintiff's intestate suffered injury through the defendants' breach of a duty

owed her by them, there was no error in submitting the case to the jury.

The question asked Dr. Shedd upon cross-examination, as to the form of a death certificate, which was excluded, does not seem material upon any issue in the case. While it might have been admitted, its exclusion or admission is not reversible error. The extent to which cross-examination upon collateral matters should be carried is for the judge presiding at the trial. *Gutterson* v. *Morse*, 58 N. H. 165.

If the defendants' medical expert had been permitted to inform the jury of his inability to express an opinion, in answer to the hypothetical question as to where, under the circumstances stated, a "grip cold" had been contracted, no error of law would have been presented. But his opinion on this point would have added nothing to his testimony that "grip" is an acute, infectious fever due to a specific germ produced only by exposure to the germ, which may be found anywhere. *Green* v. *Gilbert*, 60 N. H. 144. If Mrs. Crawford's cold was a "grip cold," solely due to exposure to a germ and not due to the exposure in the defendants' station, it was entirely immaterial where it was contracted. The exclusion of the question may have been upon that ground.

*Exceptions overruled.*

All concurred.