Merrimack,
Jan. 6, 1920.

### AXEL OLSON v. THOMAS FOX.

In an action within the terms of s. 2, of the employers' liability act (Laws 1911, c. 163), notwithstanding the plaintiff's prior negligence, the question whether the subsequent negligence of a fellow-servant was the proximate cause of the injury may properly be submitted to the jury.

Thus, it is no defence that the plaintiff, negligently standing in a place of danger, gave the order resulting in his own injury, if his fellow-servant when acting thereon knew of the particular danger likely to result to the plaintiff therefrom and that the plaintiff was ignorant thereof.

Where failure of machinery to operate properly might be caused by its negligent handling by a fellow-servant, and all other causes therefor are excluded upon evidence that it was in good working order, such failure may reasonably be inferred to have been due to such negligence.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The facts are stated in the opinion. The defendant excepted to the denial of his motion for a nonsuit and a directed verdict, and to the submission to the jury of the issue of recovery upon the last clear chance doctrine. Transferred from the April term, 1919, of the superior court by Marble, J.

Robert W. Upton and John M. Stark (Mr. Upton orally), for the plaintiff.

William W. Thayer and Nathaniel E. Martin (Mr. Thayer orally), for the defendant.

PEASLEE, J. The plaintiff was an experienced stonecutter and at the time of the accident was engaged with his fellow-workman Hopkins in moving a large stone by means of a derrick. The derrick-boom did not move up and down, and when it was necessary to bring a stone nearer the mast the method was to attach to it a second line running to the head of the derrick mast and called the "inside guy." By shortening this line the stone would be moved upward and toward the mast. When a stone so suspended by the two lines is to be lowered it is necessary to let out both lines at once, and in proper proportion, or the stone will be moved inward or outward, as the case may be. In the instance in question the men were moving the stone from a large pile into a shed. They placed two skids and two rolls thereon to run it in on. The stone supported

by both guys was then swung into position over the rolls. The plaintiff then sent Hopkins to operate the drums controlling the guys, while he himself remained by the stone to prevent its turning. It was suspended by what is called a three-cornered hitch, and for this reason the plaintiff thought it dangerous to stand at either side of it and therefore stood between it and the derrick mast. He gave Hopkins the signal to lower, and as the stone descended quickly it moved suddenly toward him and caught his hand between it and another stone which was lying near by. The plaintiff testified that he then noticed that the inside guy was tight, that if it had been slack the stone would have come onto the rolls all right and stayed there, that at the time the stone struck the rolls the inside guy was tight and twisted the stone back onto him. Hopkins denied that he failed to properly release the inside guy.

It was a disputed question where the plaintiff should have stood. There was testimony that where he stood was the safest place, and other testimony to the effect that he should have stood at one side of the stone.

The defendant contends that it could not be found that Hopkins failed to properly release the inside guy. But the evidence was that the apparatus was in good working order; and taking this to be the fact it is reasonable to conclude that the failure of that line to pay out was caused in the manner charged. If it failed to operate properly, and all other causes are excluded upon the testimony that it was in good working order, it is not guesswork but rather a reasonable inference to conclude that the failure resulted from this cause. *Oulette* v. *Company*, ante, 112. If the jury so found they might well conclude that Hopkins was negligent. As the case comes under the provisions of Laws 1911, *c.* 163, *s.* 2, this made a case for the plaintiff upon the issue of the defendant's fault.

The claim that it conclusively appeared that the plaintiff was negligent cannot be sustained. While there was evidence tending to that conclusion there was other evidence that what he did was a proper method of procedure. But if it be conceded that the plaintiff ought, as a reasonable man, to have taken a different position, the case was still for the jury upon one of the grounds upon which it was submitted.

Subject to exception the jury were instructed that they might find for the plaintiff upon the last clear chance theory. The principle involved is given its broadest application in this state. "The plaintiff's inability to control the situation is the test; and it is immaterial

whether he is not in actual charge of the subject of injury because the absence of his body shows he could not have been, or the fact be proved by showing that for other cause he, himself, was not in control. Whether under such circumstances the defendant, upon the information he has, ought to have known of the plaintiff's condition — that he was drunk, asleep, non-judging, or not observing—bears on the defendant's negligence. If it cannot be found he ought to have known the plaintiff's condition, he is not liable; if he ought, he may be." *Cavanaugh* v. *Railroad*, 76 N. H. 68, 72, 73.

Hopkins testified that it was dangerous to stand where the plaintiff did, while the plaintiff testified that he thought it the proper place to stand. Hopkins knew when he lowered the stone that the plaintiff was standing in the dangerous place, apparently unaware that it was so. The fact that the plaintiff directed Hopkins to act does not change the essentials of the situation. An act was about to be done by Hopkins which would be dangerous to Olson. Both knew the act was to be done, but Hopkins knew the danger, while Olson did not. It could be found that Hopkins knew Olson did not appreciate the situation or understand the alleged necessity for standing elsewhere. In this situation it is no aid to the defendant to show that the order for Hopkins to act came from Olson. That order was based upon lack of knowledge, evident to Hopkins. It could well be found from these facts that Hopkins' superior knowledge of the situation brought the case within the rule of the *Cavanaugh* case. "The conclusion that one conscious of danger of serious injury to a human being if he persists in the course which he is pursuing, which he can prevent by care, should be discharged from responsibility because of negligent ignorance of the danger in the person injured, is so fundamentally unjust and contrary to natural reason that few cases are to be found that carry the logic of the rule of contributory negligence to that extent." *Ib.* 72.

Liability upon other grounds was also claimed, but as those considered are sufficient to take the case to the jury and to warrant the instruction given, it is not necessary to go further.

*Exceptions overruled.*

All concurred.