Hillsborough,  ⎱
April 6, 1926. ⎰

### THOMAS S. SAAD, *Adm'r*, v. VASSEL PAPAGEORGE & a.

The owner of premises rented for residential purposes to families containing
  young children is responsible for injuries due to defective maintenance of a
  common stairway, of such nature as to cause risk of injury to children using
  the stairway for a proper purpose.
It is not conjecture to infer that a young child, killed by falling through a de-
  fective stairway rail, was at the time of the accident making a proper use of
  the stairway for the purposes for which it was designed, there being no
  evidence that it was ever used for any other purpose.

CASE, for negligently causing death of plaintiff's intestate. Trial
by jury and verdict for plaintiff. Transferred by *Branch*, C. J.,
on the defendants' exception to the denial of their motion for a
directed verdict. The opinion states the facts.

*Maurice F. Devine* and *John E. Tobin* (*Mr. Tobin* orally), for the
plaintiff.

*Warren, Howe & Wilson* (*Mr. Charles B. McLaughlin* orally),
for the defendants.

ALLEN, J. The intestate, a child between three and four years
of age, lived with his family in a tenement on the third floor of the
defendants' building. There were other tenements on the same
floor, and access was from a common stairway on the outside of
the building. The stairway was of wooden construction. An out-
side rail of ordinary height extended from upright supports at the
top and foot of the stairway, and there was a board parallel with
the rail, about midway between it and the treads of the stairway,
and nailed onto the supports. The roof of the building extended
over the stairway, which was otherwise exposed as an outside at-
tachment. The building was about twelve years old, and no changes
in construction had been made.

The intestate fell from the outer side of the stairway to the ground
and was killed. No one saw him on the stairs. After it happened,
the board was found broken at its upper end transversely from its
lower connection with its upper support to its upper side, and pushed
outward. Pieces broken off were found on the stairway.

The intestate's mother testified that prior to the accident she com-
plained to one of the defendants about the unsafe condition of the

board. It shook and was split and marked. The board had been painted. With consideration for the witness's limited ability to express herself in our language, the marking might be found to be of cracks showing on the surface of the board and making what was called the split. A witness for the defendants testified that a child of the intestate's age could not break the board in the manner it was found broken. There was no direct evidence that before the accident the board was broken to the extent of separation into pieces.

Considering this evidence and situation, and the age and exposure to the weather of the board, a jury might properly find that the breaking of the board, and the consequent fall of the intestate, were caused by its unsuitable condition, of which the defendants knew or should have known. The application of such pressure as the intestate exerted against the board was the occasion, and not the cause, of its break. But the condition of the board might be found to be such cause. The defendant's argument that the shaking of the board prior to the accident was as probably due to proper causes as to a defect in its condition disregards the distinction between conjecture and reasonable deduction. With the other evidence taken into account, the cause of the shaking was a matter of inference. And the inference that the shaking of the board was due to proper causes is not the only one which may be drawn from the evidence.

That the board may have been broken before the intestate fell through it but not long enough before for the defendants to be charged with notice of the break, does not prove their right to a verdict. If such a situation might be found to have existed, the defendants might then be found chargeable with notice of weakness in the board making it easy to break, and thus make them responsible for the break. The possibility that it was sound when broken is not enough to meet a probability that it was unsound.

The defendants further urge that the intestate was as probably engaged in an unauthorized use of the stairway as a proper use when the board gave way. The intestate's age precludes a finding of negligent use (*Dorr* v. *Railway*, 76 N. H. 160), but the argument is made that a finding of rightful use would be conjectural.

The intestate was alone on the stairs. He had left the tenement where he lived to go and play. Other children, among whom were his brother and sister, were at play on a piazza of the second story. The stairway presented but little invitation as a place of play to

a child playing alone. As common knowledge, children generally prefer to play together than alone by themselves. There was no evidence of custom to use the stairway as a place of play either by children generally who lived in the building or by the intestate in particular, nor was there any direct evidence that he was so using it at the time.

From this evidence it would clearly be reasonable to find that a proper use of the stairs was being made. It is not a case of conjecture between equal possibilities, but the ordinary determination of a conclusion from inferences supported by a balance of probabilities. Not only may there be a deduction of proper use made as a direct inference, but the improbability of an unauthorized use as an exclusionary premise may serve to strengthen the force of the deduction. *Lyman* v. *Railroad*, 66 N. H. 200; *Hutchins* v. *Macomber*, 68 N. H. 473; *Hardy* v. *Railroad*, 68 N. H. 523, 538; *Murray* v. *Railroad*, 72 N. H. 32, 41; *Boucher* v. *Larochelle*, 74 N. H. 433; *Crawford* v. *Railroad*, 76 N. H. 29, 30, 31; *Olson* v. *Fox*, 79 N. H. 332. That the evidence is wholly circumstantial does not necessarily equalize the doubts, however it may tend to do so.

If the intestate was at the time on his way down the stairs, the propriety of use follows. The manner of his going would not affect the duty to furnish him protection. Any method of progress adopted by a child of his age would be natural and to be expected. So long as he was using the stairway for its purpose as such, his use was proper. The use made being an intended use, the manner of use by the intestate cannot be regarded as unreasonable. Use for a proper purpose by such a child is proper, whatever the manner.

It follows that any manner of proper use may have been a requirement of the defendants' anticipation. The construction of the stairway was such that its use by very young children as a stairway might be found to be contemplated, and so some protection for use for that purpose would be required.

The duty of care may therefore be found to be owing, although it cannot be told in detail how the intestate happened to break or fall through the defective board. If he met his mishap in connection with his descent of the stairs, the duty was applicable.

The record shows no liability of the defendant Costas. The motion for a directed verdict appears to have been made for the defendants collectively rather than separately. If it was intended to distinguish as between them, it should have been granted as to

this defendant. Justice to correct any error in this respect may be done through application to the trial court for rehearing on the motion.

*Exception overruled.*

Branch, J., did not sit: the others concurred.