ETTA MANN, Appellant, v. ALONZO L. PULLIAM and RUBY PULLIAM.— 127 S. W. (2d) 426.

Division Two, April 20, 1939.

*Brownrigg & Muldoon* and *Douglas W. Robert* for appellant.

*Joseph N. Hassett* and *Ernest E. Baker* for respondents.

WESTHUES, C.—Appellant, Etta Mann, filed this suit against respondents to recover $8,000 in damages for personal injuries alleged to have been sustained when she fell while descending steps in

front of the home of respondents. A jury returned a verdict for respondents and appellant appealed.

The only points briefed by appellant concerned the correctness of the instructions given by the trial court at respondents' request. Respondents contend that the instructions conformed to the law, but they also argue that the evidence was insufficient to have supported a verdict for plaintiff, hence, if any instructions were erroneous they were harmless. Appellant and a Mr. and Mrs. Harting, on invitation of respondents, spent the afternoon and evening of the day the accident occurred at respondents' home. It was purely a social visit. The visitors started to leave for their homes at about 10:30 P. M. Appellant in her brief stated the facts as follows:

"There is a front porch to the house and steps leading down to a short granitoid walk, which leads to the second set of steps from the terrace to the public sidewalk.

"The accident happened on the first set of steps of the porch. There are six steps leading from the porch to the walk, the upper five steps are of wood, and the lowest step is of concrete, made of the same material and is of the same color as the short concrete walk, which leads to the second set of steps.

"There was a small light in the ceiling of the porch, and a street lamp diagonally across the street. It was raining and was misty and the street light was somewhat blurred. It was dark.

"The plaintiff stepped down the wooden steps, one step at at time, placing her right foot down first and then bringing her left foot to the same step. These wooden steps were dark gray. When she came to the last wooden step there was a flash of light, and she saw before her granitoid in front of the wooden steps. This appeared to her to be the walkway, but it was, as stated before, the last step, which was of the same color and material as the walkway, and lighter than the wooden steps.

"As the plaintiff stepped from the lowest wooden step, she was then upon the last step, which was the granitoid. Taking this to be the walkway, she stepped forward to move down the walkway, but owing to the fact she was on this step, her forward step caused her to lose her balance and fall on the granitoid walkway.

"Plaintiff has been over these steps, coming and going, about four times, twice after dark and twice in the daylight. When she visited the house at 3:00 or 4:00 o'clock that Sunday afternoon it was a cloudy and hazy day. She had never noticed the steps before, never had paid any particular attention to them. She knew there were wooden steps to the house. Knew the steps to the public walkway were concrete, but she did not know the composition of the bottom step. She had not been to that house within a year before this visit."

The sole issue on the question of liability is whether the respondents can be adjudged guilty of negligence in maintaining the

steps and walk as described in the evidence, that is, having the five wooden steps painted gray and the lower step and walk of concrete material a natural color, or unpainted, leaving the lower step and walk a different color than that of the five upper steps.

We are of the opinion that this state of facts did not prove actionable negligence. In 45 Corpus Juris, 632, section 2, we find the following quotation taken from Grein v. Yohon, 103 Misc. 378, 385, 170 N. Y. Supp. 178:

"Negligence is an unintentional breach of a legal duty causing damage *reasonably forseeable* without which breach the damage would not have occurred." (Italics ours.)

This court has made similar rulings in a number of cases. Note what was said in American Brewing Assn. v. Talbot, 141 Mo. l. c. 683, 42 S. W. 679, l. c. 682, 64 Am. St. Rep. 538, quoted and approved in Wecker v. Grafeman-McIntosh Ice Cream Co. et al., 326 Mo. 451, 31 S. W. (2d) 974, l. c. 977 (2):

" 'Numerous authorities hold that it is not negligence not to take precautionary measures to prevent an injury, which, if taken, would have prevented it, when the injury could not reasonably have been anticipated and would not, unless under exceptional circumstances, have happened.' [American Brewing Assn. v. Talbot, 141 Mo. l. c. 683, 42 S. W. 679, l. c. 682, 64 Am. St. Rep. 538.]"

Immediately following that we find the following quotation taken from Ray on Negligence of Imposed Duties, page 133:

" 'The proper inquiry is not whether the accident might have been avoided if the one charged with negligence had anticipated its occurrence, but whether, taking the circumstances as they then existed, he was negligent in failing to anticipate and provide against the occurrence.' "

Can it be said that a reasonable person should have foreseen that someone might sustain an injury as plaintiff did in this case? We think not. If not, then respondents cannot be held liable under the law of negligence. This is supported by the authorities cited above. For other authorities so holding see Chadwick v. Bush, 163 So. (Miss.) 823; Iillinois Cent. Railroad Co. et al. v. Nichols, 118 S. W. (2d) (Tenn.) 213; Paulscak v. Hoebler et al., 198 Atl. 646, 330 Pa. 184; St. Louis, S. F. & T. Ry. Co. v. Gore, 69 S. W. (2d) (Tex.) 186; Wilford v. Cooper, 98 S. W. (2d) (Ky.) 39. In the latter case the court said:

"Negligence is not determined by what any one looking back after the accident sees should have been done, but by what the ordinarily careful man under the circumstances existing before the accident would foresee and deem should be done."

The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.