HERBST, APPELLANT, *v.* YOUNG WOMEN'S CHRISTIAN ASSN., APPELLEE.

(Decided November 6, 1936.)

*Messrs. Hart & McHenry,* for appellant.
*Mr. Elson Wefler* and *Messrs. Lynch, Day, Pontius & Lynch,* for appellee.

LEMERT, P. J.   This cause comes into this court on appeal on questions of law from the Common Pleas Court of Stark county, Ohio.   On the second day of March, 1934, defendant, Young Women's Christian Association, appellee, maintained, owned and controlled a restaurant in the city of Massillon, Ohio, available for use of the general public.   An entry thereto was provided, consisting of a series of steps rising from the sidewalk to a platform which led into the restaurant itself.   The plaintiff below, Beatrice J. Herbst, appellant, claimed that the steps, maintained by the defendant, had a pitch forward, which caused the back portion to be approximately one inch higher

than the front part, and they were sloped from one side to the other.

Plaintiff claims that rain, sleet and snow had fallen on the morning of March 2, 1934, and due to the construction of defendant's building, in which it operated its restaurant, ice had been caused to form upon the entrance steps hereinbefore described, which was later hidden by a light snow; that she entered the restaurant of defendant on the morning of March 2, 1934, for the purpose of using the facilities therein provided and was there as a business guest of defendant; that upon leaving the restaurant she proceeded to descend the steps in question and had stepped from the entrance platform to the first step when her feet flew out from under her and she fell down the flight of steps onto the sidewalk in front of defendant's place of business; and that as a result of the fall she was injured.

At the close of the testimony offered by plaintiff, as hereinbefore outlined, the court instructed the jury to return a verdict in favor of the defendant, and upon this verdict judgment was entered. It is from that judgment that this appeal is prosecuted.

It is evident from an examination of the record before us that the court sustained the motion upon the ground that there was no proof of any negligence upon the part of the defendant; that the situation was open and obvious to the plaintiff, her fall occurring in broad daylight, upon steps visible to her; that the condition of the steps was visible to her; and that the evidence does not disclose that the proximate cause of her fall, with resulting injuries, was in any way the fault of this defendant. And it further appears from the evidence that the condition of the steps was due to natural causes, either snowing or sleeting at the time, and there was no proof that the condition existing on the steps existed for such a length of time as would constitute negligence on the part of the defendant.

Briefly, the facts in this case present that in broad daylight, at a time when it was snowing and sleeting, about nine o'clock in the morning, the appellant went into the cafeteria over these steps. It seems reasonable to believe that she then had an opportunity to observe their condition. She remained inside only a short time and as she came out, she stepped down upon the first step, slipped and fell. It is contended by the appellant that the court should have submitted the case to a jury, because the steps varied slightly in height and size, and being old stone steps, were somewhat worn and were higher at the ends than they were in the center, and that they sloped outwardly.

The record before us discloses that the plaintiff below knew the condition of these steps and knowingly stepped out where snow and sleet were falling at the time.

Counsel for appellant seem to rely upon the statutory provision of Section 1006, General Code. We are of the opinion that this section does not apply to a situation such as we have in this case. That section provides that the owner of a restaurant "shall provide and maintain for all stairs or stairways for ingress or egress, a substantial handrail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs."

We are of the opinion that the above statute is not applicable to the instant case and does not apply where there are but two steps leading into a building.

We find no error in the record in this case and it thereby follows that the judgment of the court below will be and the same is hereby affirmed.

*Judgment affirmed.*

MONTGOMERY and SHERICK, JJ., concur.