## GOLDBERG v AGUDATH B'NAI ISRAEL CONGREGATION

Ohio Appeals, 9th Dist, Lorain Co

Decided December 20, 1940

Lurie & Zaller, Cleveland, Meyer Gordon, Lorain, and Jack H. Garver, Lorain, for appellant.

Fauver & Fauver, Elyria, and Hauxhurst, Inglis, Sharp & Cull, Cleveland, for appellee.

### OPINION

By WASHBURN, PJ.

This appeal presents the sole question of whether the second amended petition of the plaintiff (appellant) states facts sufficient to constitute a cause of action.

The trial court sustained a demurrer to that petition, and, plaintiff not desiring to plead further, final judgment was entered for the defendant.

The defendant is a religious corporation, not for profit, organized under the laws of the state of Ohio. It constructed and maintained its church building with a few outside steps leading from the ground floor to the street level.

The petition charged that the defendant failed to provide a handrail on said "stairway," and with constructing and maintaining "the steps of the stairway with a rise of more than seven inches," and with the doorway opening directly upon the stairway, instead of upon a "platform or landing equal in length to the width of the door."

The petition alleged that plaintiff attended services in the building, and that, as plaintiff was leaving the building she opened the doorway and began to descend, and because of said defects in construction and maintenance and without fault or negligence on her part, "was caused to lose her balance and was upset and violently thrown down" to the sidewalk and injured.

The defects in construction which are complained of are claimed to constitute violations of provisions of §§1006, 1007, 12600-21, and 12600-284 GC.

The provisions of §12600-21 GC, relating to doors opening on stairways without platform or landing equal in length to width of door, and relating to stair tread and risers and handrails, apply only to theaters, not to the situation presented in this case; and §12600-284 GC, contains no specific or definite requirement.

Sections 1006 and 1007 GC, do contain a specific requirement, but as we construe the language of those sections in connection with the various safety and building statutes, we are of the opinion that §§1006 and 1007 GC, do not require a handrail on steps outside of buildings which lead from the ground

level to the first floor entrance of such buildings, and have no application to the situation present in this case.

Sec. 1006 GC, provides that "In tenement houses, * * * stores, churches * * * or places of public resort," etc., there shall be installed and maintained, for all stairs or strairways, "a substantial handrail extending from the top to the bottom thereof * * *." (Emphasis ours). The use of the word "in" at the beginning of the section is significant.

When stairs or stairways are mentioned, we usually refer to a means of getting from the floor level to a higher or lower level in buildings, and when we refer to a means on the outside of buildings used to get from the street level to the floor level of buildings we universally use the expression "steps"—as, "front steps," or "back steps," to a building.

While there may be a stairway on the outside leading to the second story, we never refer to the means of getting from the ground to the floor level as a "stair" or "stairway," and it seems highly improbable that the members of the Legislature ever even thought of describing what each one knew to be "steps" by the use of the words "stairs or stairways."

There being no cause of action stated based upon the violation of a statute, the question is not presented as to whether a religious corporation, not for profit, may be held liable in tort to a beneficiary of the corporation for injuries received from the violation of a statute.

In the absence of the violation of any statute, does the petition state a cause of action?

It is evident that the petition was not prepared with anything like that in mind, because the situation is not set forth and described in sufficient detail to show that, in the absence of statute, there was a duty in the exercise of due care to provide handrails on said steps, or to construct said steps with a different tread or riser. The steps are not described at all, and even the number of steps is not alleged.

Likewise, without stating the width of the top step and otherwise describing the situation as to the doorway, merely stating that it did not open upon a "landing equal in length to the width of the door," as required by a statute which does not apply to such a building does not set forth facts showing a duty in the exercise of due care to construct the doorway or steps in a different manner.

And merely stating that the defendant failed to construct and maintain the steps in a safe and adequate manner is pleading a mere conclusion, and the allegation that the defendant had "reason to believe the stairway was in a defective condition and constituted a nuisance" and failed to remedy the situation, without describing its condition, does not aid the petition.

The only other allegation in the petition in reference to the situation is that the building "contained a stairway leading from the northernmost outside doorway * * * downward to the sidewalk on Reid avenue," and that "said stairway is and was part of the original construction of said building, erected and maintained by the defendant."

Moreover, there is only the assertion that the things complained of caused her to lose her balance and fall, without detailing any fact as to how and in what manner she fell or as to how such things caused her to fall.

Our conclusion is that in the absence of a duty created by statute, the petition fails to allege facts showing a duty owing to the plaintiff by the defendant which the defendant failed to perform.

The trial court did not err in sustaining the demurrer to the second amended petition, and its judgment is affirmed.

Judgment affirmed.

DOYLE and STEVENS, JJ., concur.