ROSS, APPELLANT, *v.* HEBERLING, APPELLEE.

(No. 478—Decided April 28, 1952.)

*Messrs. Dewey & Dewey,* for appellant.
*Messrs. Culbert, Hyzer & Culbert,* for appellee.

Fess, J. This is an appeal on questions of law from a judgment dismissing plaintiff's second amended petition after the sustaining of a demurrer thereto.

Plaintiff, a minor seven years old, brings his action for damages against the defendant as owner of an apartment building on account of the alleged negligent construction of an outside stairway leading from the sidewalk to the second floor on which is located an apartment occupied by plaintiff's uncle, whom plaintiff and his father had visited before his fall. The handrail consisted of an iron pipe, thirty inches above the steps, supported by three upright pipes located at the bottom, middle and top of the stairway, so that there was no guard or barrier between the rail and steps to prevent a child from falling off the stairway. Plaintiff and his father started down the steps, which were covered with ice and snow, and when plaintiff was down about three steps he slipped and fell off the steps between the handrail and steps to the sidewalk below, sustaining the injuries of which he complains. Plaintiff alleges that the stairway was used in common by all defendant's tenants on the second floor and that defendant was in possession and control thereof.

Regardless of whether the so-called "handrail" statute (Section 1006, General Code) applies to outside stairways (*Herbst* v. *Young Women's Christian Assn.,* 57 Ohio App., 87, 11 N. E. [2d], 876. Cf. *Goldberg* v. *Agudath B'Nai Israel Congregation,* 66 Ohio App., 379, 34 N. E. [2d], 73), the settled common-law rule in effect in Ohio requires the owner of an apartment building to exercise ordinary care to keep common stairways in a reasonably safe condition. The

rule exacts ordinary care on the part of a landlord to repair defects of which he has actual knowledge, or of which he would know had he exercised reasonable care in inspecting the premises in his possession or under his control. *Tair* v. *Rock Investment Co.*, 139 Ohio St., 629, 631, 41 N. E. (2d), 867. Where a landlord maintains a stairway for the use of his tenants, he is, in general, liable for any injuries arising from his neglect to keep same in proper repair, and such duty extends not only to his tenant but also to members of his family, employees, guests and invitees. *Davies, a Minor,* v. *Kelley,* 112 Ohio St., 122, 146 N. E., 888; 52 Corpus Juris Secundum, 39, 58; 32 American Jurisprudence, 561, 567, Sections 688, 691. Cf. *Ripple* v. *Mahoning National Bank,* 143 Ohio St., 614, 621, 56 N. E. (2d), 289.

The petition alleges that the stairway was improperly guarded to protect a small child from falling off the steps. A question of fact is thereby presented for determination by the jury, unless no duty to provide additional guards other than the rail is imposed upon a landlord as a matter of law. It is said that there is no common-law duty imposed upon the owner to keep lighted, hallways and stairs used in common by his tenants (*Petrey* v. *Lieuzzi,* 76 Ohio App., 19, 61 N. E. [2d], 158; *McKinley* v. *Niederst,* 118 Ohio St., 334, 160 N. E., 850), but as indicated above, there is a common-law duty to exercise ordinary care to keep stairways in proper repair. It follows that an owner is also under a duty to exercise ordinary care in the construction and maintenance of stairways. No duty was imposed upon the landlord by reason of his failure to remove the ice and snow from the steps. *Turoff* v. *Richman,* 76 Ohio App., 83, 61 N. E. (2d), 486.

With respect to children, it has been held that the landlord may assume that those in authority will protect them and prohibit them from wandering in such

places where they may be injured, and therefore the landlord, because of the possibility of injury to children, is not required to provide safeguards not otherwise necessary. 52 Corpus Juris Secundum, 68, Section 419. On the other hand, it has been held that use of a common stairway for a proper use by a young child is proper, whatever the manner, and the landlord must anticipate any manner of proper use. *Saad, Admr.,* v. *Papageorge,* 82 N. H., 294, 133 A., 24. In the cited case, the child was unattended and the intermediate guardrail was defective, but the decision supports the theory that the landlord could reasonably anticipate the use of the stairway by children. See 2 Restatement of the Law of Torts, 814, Section 302, Comments *i* and *m.*

In the instant case, whether the defendant as an ordinarily prudent person could have foreseen that children would use the unguarded stairway and fall off it presents a mixed question of law and fact for the jury under appropriate instructions as disclosed by the evidence adduced at the trial. Whether the proximate cause of the injury was the ice and snow, the failure of the accompanying parent to protect the child, or the negligence of the defendant in maintaining the unguarded steps is also a matter to be developed by the evidence at the trial and determined by the jury. It is therefore concluded that, reviewing the allegations in their most favorable light to the plaintiff (Section 11345, General Code), the petition states a cause of action.

The judgment dismissing the petition is therefore reversed and the cause remanded to the Common Pleas Court with directions to overrule the demurrer.

*Judgment reversed.*

CONN and SAVORD, JJ., concur.

CONN, J., concurring. I concur in the judgment of reversal, but would place it on a somewhat different ground. The issue raised on the demurrer is the legal sufficiency of the petition. Under the rule of liberal construction, and also the rule that the demurrer of defendant admits all allegations well-pleaded, it appears that plaintiff's petition stated a cause of action, grounded on the violation of a duty owing by defendant to plaintiff. At this time it can not be anticipated whether this is a common-law or statutory duty, or one arising out of contract.

It is conceivable that the answer of defendant may set up a complete defense and the issue of his liability be determined as a matter of law. On the other hand, as pointed out in the opinion of Judge Fess, an issue of fact or a mixed question of law and fact may arise on the pleadings. It is my opinion that these considerations are not raised by the demurrer.

I would overrule the demurrer on the ground that the petition states a good cause of action.