Mularski, Admx., Appellant, *v.* Brzuchalski et al., Appellees.

(No. 5443—Decided October 9, 1961.)

*Messrs. Boxell, Bebout, Torbet & Potter, Mr. Charles E. Brown* and *Mr. Harald F. Craig,* for appellant.
*Mr. William A. Finn,* for appellees.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered pursuant to granting the motion of the defendants-appellees, Vincent Brzuchalski and Carrie Brzuchalski, for a summary judgment.

The appellant will be referred to herein as plaintiff, and the appellees, Vincent Brzuchalski and Carrie Brzuchalski, as the defendants, as the parties appeared in the trial court. Carl H. Wilhelm was also a defendant in the Court of Common Pleas.

The action was commenced by the plaintiff as the administratrix of the estate of Ida James, deceased, to recover damages for medical, hospital and burial expenses incurred and for pain and suffering sustained by plaintiff's decedent, as the alleged result of a fall from a "common" stairway maintained at the rear entrance of a duplex apartment building owned by the defendants as the landlords.

Plaintiff's third amended petition alleges the following grounds of negligence:

"The injuries sustained by plaintiff's decedent were the direct and proximate result of the negligence and carelessness of the defendants in the following particulars, viz:

"(a) The defendants negligently and carelessly failed to resecure the guard railing to the building upon the termination of their work for said day, notwithstanding the dangerous, defective and weak conditions of the steps and guard rail.

"(b) The defendants negligently failed to brace the guard rail in any manner whatsoever upon the completion of their work for said day, notwithstanding the dangerous, defective and weak condition of said steps and guard rail.

"(c) The defendants negligently and carelessly left said rear means of ingress and egress unguarded and failed to barricade said means, notwithstanding the dangerous, defective and weak conditions of said steps and guard rail."

The separate answer of the defendants to plaintiff's third amended petition is a general denial of liability for the in-

juries and damage alleged to have been sustained by plaintiff's decedent.

The plaintiff has filed assignments of error as follows:

"1. The court erred in overruling plaintiff's motion for summary judgment.

"2. Inapplicability of the doctrine of independent contractor.

"3. Liability issue.

"4. The court erred in granting defendants-landlords' motion for summary judgment.

"5. Disputed issue between contractor and landlords.

"6. The court erred in considering defendants' affidavit in support of their motion for summary judgment."

The affidavit of the plaintiff, answers of the defendants to interrogatories, the deposition of defendant contractor Wilhelm, the third amended petition of the plaintiff, and the separate answer of the defendants were before the trial court for consideration in ruling upon defendants' motion for a summary judgment, and same are before this court as a part of the transcript and bill of exceptions which have been filed in this appeal.

The facts pertinent to a consideration of this appeal are that on August 11, 1958, and prior thereto, defendants were the owners of a two-family apartment building located at what is known as 825 Ontario Street, Toledo, Ohio; that plaintiff was a tenant occupying the lower or first floor apartment in such building; that defendants maintained a "common" stairway equipped with a handrail adjacent to the rear of the building, as a means of ingress and egress for plaintiff's decedent, and also for the use of the occupants of the upper floor apartment in the building; that the stairway rested upon a cement walk or patio; that defendants entered into an oral agreement with the defendant Wilhelm to replace the cement walk with a new cement walk, and it was agreed that Wilhelm would remove the stairway for the purpose of doing the cement work; that the contractor Wilhelm would replace the stairway in the position in which it had been; and that the contractor did remove the stairway for the purpose of performing the cement work and replaced same adjacent to the entrance of the first floor apartment, after completing the cement work.

There is a conflict between the answers of the defendants

to interrogatories and the testimony in the deposition of the cement contractor as to whether the steps and hand railing had been secured to the building prior to removal by the contractor, the contractor testifying that it had not been secured and that he replaced the stairway and handrail in the same position in which they had been prior to removal; the answers of the defendants to interrogatories and the affidavit of the plaintiff being to the effect that the steps and handrail had been secured to the building prior to removal and that, after being replaced by the contractor, same were not fastened to the building. The cement contractor testified to the effect that he followed the directions of the defendants in removing the stairway and guardrail in order to lay the cement, and that when the cement work was completed he replaced the stairway and guardrail as directed by the defendants.

The affidavit of the plaintiff is to the effect, in substance, that prior to removal, the stairway and guardrail were secured to the building and that after being replaced, they were not attached or secured, but were about two inches from the building.

It is the contention of counsel for the defendants that the summary judgment should be affirmed for the reason, as found by the trial judge, that the cement contractor was an independent contractor and, as a consequence, the negligence of such contractor could not be imputed to the defendants.

The issue to be determined in this appeal is whether there was a genuine issue of fact relevant to the cause of action alleged by plaintiff, which would preclude the trial court from entering a summary judgment pursuant to Section 2311.041, Revised Code.

The first paragraph of the syllabus in *Preister* v. *State Foundry Co.*, 172 Ohio St., 28, is as follows:

"A summary judgment, which represents a 'final determination of the rights of the parties in action' and hence comes within the definition of a judgment set forth in Section 2323.01, Revised Code, can be rendered under Section 2311.041, Revised Code, only 'if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers and documents, and affidavits * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * upon the whole case or for all the relief asked.'"

The law defining the relationship of independent contractor as distinguished from servant or agent is found stated in paragraphs one and two of the syllabus in *Councell* v. *Douglas*, 163 Ohio St., 292:

"1. The relationship of principal and agent or master and servant is distinguished from the relationship of employer and independent contractor by the following test: Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.

"2. The rule of *respondeat superior* only arises out of the relationship of superior and subordinate and ceases when that relationship ceases to exist; and the reason of it is to be traced to the power of control and direction, which the superior has a right to exercise, and which, for the safety of others, he is bound to exercise, over the acts of his subordinate. (Paragraph four of the syllabus of *Clark* v. *Fry*, 8 Ohio St., 358, approved and followed.)"

Also, see, *Van Meter* v. *Public Utilities Commission of Ohio*, 165 Ohio St., 391, and see opinion by Taft, J., beginning on page 396.

We determine from the record before us that the cement contractor was not an independent contractor in the performance of the work of removing and replacing the stairway and guardrail as directed by the defendants. We do not undertake to anticipate or conjecture as to what the complete evidence may be on the trial of the cause.

In the present state of the record, we find no contradiction to the testimony of the cement contractor that he undertook to do the incidental work of removing and replacing the stairway and guardrail as directed by the defendants. Stated specifically, it is our view on the record before us, that in removing and replacing the stairway, the cement contractor was under the control of and was endeavoring to perform that incidental work as directed by the defendants.

It is the settled law of this state that the landlord of an apartment building is required to exercise ordinary care to

maintain the "common" means of ingress and egress in a reasonably safe condition for use by tenants of the building.

*Ross* v. *Heberling,* 92 Ohio App., 148; *Rice* v. *Ziegler,* 128 Ohio St., 239; *Tair* v. *Rock Investment Co.,* 139 Ohio St., 629; *Brown* v. *Cleveland Baseball Co.,* 158 Ohio St., 1.

We determine, therefore, that there is a genuine issue of fact as to the negligence of the defendants in the maintenance of the stairway and guardrail as a common means of ingress and egress to and from the apartment occupied by plaintiff's decedent as a tenant.

On the record before us, we do not determine, but leave undecided, the question as to whether the defendants would be responsible for negligence of the cement contractor, if the evidence upon a trial of the cause should show or tend to establish that in the removal and replacing of the stairway and guardrail the cement contractor was acting as an independent contractor.

We have no difficulty in finding that plaintiff was not entitled to summary judgment and that the trial court did not err in denying plaintiff's motion for a summary judgment. See *Renfroe* v. *Ashley,* 167 Ohio St., 472. We are not required, and do not determine, whether upon the facts in the record before us the plaintiff would be entitled to have his case submitted for determination by a jury.

Finding plaintiff's fourth assignment of error well taken, and that the trial court erred in granting the defendants' motion for a summary judgment, this court reverses the judgment of the Court of Common Pleas, and the cause is remanded for further proceedings according to law.

Plaintiff's remaining assignments of error are not well taken and same are overruled.

*Judgment reversed and cause remanded.*

. Smith and Fess, JJ., concur.