OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5) we have elected to issue a full opinion.
This appeal is taken by Neva Jean Sneary from the judgment entered by the Court of Common Pleas of Allen County granting Defendant-Appellee McDonald's Restaurant's motion for summary judgment.
On November 8, 1996, at around 9:00 p.m. Mrs. Neva Sneary ("Sneary") and two members of her family patronized a McDonald's restaurant. After ordering dinner, Sneary and her family proceeded to the elevated seating area, where there was a sign in place warning of the step. Sneary walked up the step to the elevated seating area without incident and began eating. After she was finished eating Sneary got up to throw away her garbage, and when proceeding to the trash bin she missed the step to the lower level and fell. Sneary was taken by ambulance to the hospital and treated for injuries to her hip.
On November 6, 1998, Sneary filed a complaint in the Allen County Court of Common Pleas alleging that McDonald's was negligent in not correcting an unreasonably dangerous condition and by not alerting customers of the danger posed by the step. McDonald's denied the negligence and asserted it owed no duty to Sneary based on the open and obvious nature of the step.
On September 10, 1999, McDonald's filed its motion for summary judgment. On February 2, 2000, the trial court granted McDonald's motion for summary judgment dismissing Sneary's claims. The trial court based its decision on the undisputed fact that Sneary was aware of the step that supposedly caused her injury because she had just used the same step minutes prior to her fall. On appeal from that judgment Sneary makes the following sole assignment of error:
 The trial court erred in granting the summary judgment motion of defendant McDonald's Restaurant No. 3830 because plaintiff Neva Jean Sneary presented a jury question as to whether McDonald's had a duty to warn of the unreasonably dangerous step.
Sneary's sole assignment of error argues that the trial court erred as a matter of law when it granted McDonald's motion for summary judgment. Specifically Sneary claims that McDonald's had a duty to warn her about the "unreasonably dangerous step" and she presented enough evidence to establish a genuine issue of material fact on that assertion.
When reviewing summary judgment, we review the judgment independently without any deference to the previous determination made by the trial court. Conley-Slowinski v. Superior Spinning Stamping Co. (1988), 128 Ohio App.3d 360. The standard of review in this court is de novo. AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,553 N.E.2d 597.
Civil Rule 56 requires the court to determine from thematerials properly to be considered and timely filed in theaction, resolving all doubts against the movant, that no genuineissue exists as to any material fact, that reasonable minds couldreach no other conclusion and that the moving party is entitled tojudgment as a matter of law. Therefore summary judgment isappropriate only when the following have been established: (1)that there is no genuine issue as to any material fact; (2) themoving party is entitled to judgment as a matter of law; and (3)construing the evidence most favorable in the light of thenon-moving party, reasonable minds can come to but one conclusionand that conclusion is adverse to the non-moving party.Civ.R.56(C); Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
A business owner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474. However, a business owner is not an insurer of a customer's safety. "The mere happening of an accident gives rise to no presumption of negligence, and where one is accidentally injured while he is a business guest upon the premises of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages from such other." Parras v. Std. Oil Co. (1953),160 Ohio St. 315, 52 O.O. 206, 116 N.E.2d 300, paragraph one of the syllabus. Moreover, even though a business owner owes a business invitee a duty of ordinary care, there is no duty to protect an invitee from perils which are open and obvious. Paschal 203-204; 480 N.E.2d 475-476.
The record before us on appeal reveals that Sneary had dined in the McDonald's restaurant several times before her accident. Moreover, Sneary had walked up the step to the elevated seating area only minutes before she missed the step and fell. As a result, the trial court found that the step down from the elevated seating area was open and obvious considering Sneary had been made aware of it on her way up.
However, Sneary claims she did not remember that there was a step there on her way down and that McDonald's should have warned her of the step. However, the evidence presented at summary judgment shows that there indeed was a sign to the side of the elevated seating area. Moreover, it has been decided that a "plaintiff's failure to avoid a known peril is not excused by the fact that he `did not think,' or `forgot'. Raflo v. LosantivilleCountry Club (1973), 34 Ohio St.2d 1, 3, 295 N.E.2d 202, 204
citing Baltimore Ohio Rd. Co. v. Whitacre (1880), 35 Ohio St. 627; Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37;Herbst v. Y.M.C.A. (1936), 57 Ohio App. 87, 11 N.E.2d 876; Ohio Jurisprudence 2d 640, Negligence, Section 93.
Therefore, because the step to the elevated seating area was open and obvious and Sneary had once traversed up the step before she fell on the way down, McDonald's owed no duty of ordinary care to Sneary and summary judgment was proper. No error having been shown, the judgment of the Court of Common Pleas of Allen County is affirmed.
SHAW and WALTERS, JJ., concur.